ORRIN CURTIS, Plaintiff in Error, *vs.* THOMAS MOORE, Defendant in Error.

In an affidavit for an attachment in the District Court, the facts upon which the Writ is based must be made to *appear* by legal evidence—sufficient to establish a *prima facie* case at least. But the affidavit in a Justice's Court does not require the same proof of facts; and it seems that in that Court, under *Sec.* 94, *p.* 513, *Rev. Stat.*, an affidavit in the words of the statute is sufficient.

An affidavit set forth facts which would have authorized the Justice to make the Writ returnable in three days, and also facts authorizing him to make it returnable in six days. The Writ having been made returnable in six days,—*Held,* That the statement in the affidavit authorizing the return in the manner in which it was made, was sufficient to give the Justice jurisdiction, and the balance may be regarded as surplusage.

The settlement or amendment of pleadings before issue joined, or the argument or determination of a motion to dissolve an attachment in the same action, are not trials of the "cause," but are incidental proceedings therein, and either party may, after such settlement, amendment or motion, make an application to transfer the action to another Justice for trial, under the statute.

A party making his objections and taking his exceptions in proper time, is not required to abandon his cause in order to take advantage of his objections in another Court.

This was a Writ of Error to the District Court of Ramsey County. The case originated before a Justice of the Peace, and was removed to the District Court by Writ of Certiorari.

The judgment of the Justice was affirmed, and the Plaintiff in Error caused the Writ to be issued. The opinion of the Court contains a statement of the facts.

The following are the points and authorities relied upon by the counsel for Plaintiff in Error:

*First.*—The Court below erred in sustaining the decision of

the Justice on the motion to discharge the attachment. *Case*, *Folios* 17, 18, 19, 20.

*Second.*—The Court below erred in sustaining the decision of the Justice refusing to change the venue of the action. *Fol.* 20, 21. *Statute* 1858, *page* 151, *Chap.* 16. *Statute page* 352, *Sec.* 1 *Sec.* 4.

*Third.*—The Court below erred in sustaining the charge of the Justice, that the reply of the Plaintiff did not admit that the sum of $111,68 had been paid by the Defendant to the Plaintiff on account of board. *Fol.* 26.

The following are the points and authorities relied upon by the counsel for Defendant in Error :

*First.*—The affidavit for the attachment, in the Justice Court was sufficient to justify the attachment, for it expressed in the very words of the statute, what the statute required should *be stated,* (not *made to appear,*) as a prerequisite to authorize an attachment. The only fault in the affidavit (if any) was, it contained *too much* (not too little). There was no *defect* but a super-abundance. *Stat. of Minn.* (*Comp.*) 1848, 1851, *p.* 513, *sec.* (107.)

*Second.*—The Defendant below did not show himself entitled to have the attachment dissolved, for he did not comply, nor offer to comply with the requirements of the Statute. *Paper Book, Fol.* 14, *Stat. Minn.* (*Comp.*) 1848, 1851, *p.* 515, *sec.* (119).. But if the attachment had been dissolved, the case would still have remained pending, its merits unaffected, and the refusal of the Justice to dissolve the attachment in this case, is not an *order* that can be reviewed by a Court on certiorari, unless the record shows the party has complied with all the statutory requirements entitling him to an *order* to that effect, and even then, it seems under the statute, the *denial* of such an order by Justice Court cannot be reviewed on certiorari. *Stat. Minn.* (*Comp.*) 1848, 1851, *p.* 515, *sec.* (120.)

*Third.*—The Justice properly refused to transfer the case to some other Justice ; because, when the application and affidavit for that purpose were made, the pleadings had been filed, and then corrected on motion before the Justice, and the suffi-

ciency of the affidavit for the attachment been argued and determined, so that in fact there had been a trial of a proceeding in the " cause," before the application for the transfer was made. *Paper Book, Fol.* 20, 21, *Stat. Minn.,* (*Comp.*) 1848, 1851, *p.* 509, *Sec.* (79,) *p.* 557, (4.) The statute in regard to attachments in Justice Court, is entitled " *Of Proceedings by Attachment.*" The first section reads, " Any creditor shall be entitled to *proceed* by attachment," &c. &c. Cause, means, " a contested question before a Court of Justice—it is a suit or action." 1 *Bouv. Law Dic. p.* 211 ; 2 *ibid, p.* 386 ; 1 *Curtis Commentaries, p.* 93, *sec.* 83, *p.* 4, *sec.* 62 ; 6 *Wheat.* 406.

*Fourth.*—But if the Justice did err in refusing to transfer the case, the fact that Plaintiff in Error demanded afterward a trial by a jury of twelve men, and had such a trial, fairly and impartially, cured the error if any there was. *Paper Book, Fol.* 23 ; 1 *Minn. Rep.,* 225, *Taylor vs. Bissell.*

*Fifth.*—The pleadings on their face show that the Justice did not err in refusing to charge the jury that the reply admitted Defendant (below) had paid Plaintiff's board to the amount of $111,68. *See Reply.*

If there was any doubt as to what the reply really was, it was the duty of the Defendant (below) to move to have it made more explicit, and it was not the duty of the Justice, nor had he the right to say the word " *complaint,*" in the reply meant the word " answer." The reply expressed exactly what the pleader meant, and is perfectly clear and intelligible. *See reply, and Stat. Minn.* 1851, *p.* 393, *sec.* 34.

SANFORD & BEVERIDGE, Counsel for Plaintiff in Error.

BABCOCK & COTTON, Counsel for Defendant in Error.

*By the Court*—ATWATER, J. This was an action commenced by the Defendant in Error, in a Justice's Court, in Ramsey County, by Writ of Attachment, issued March 30th, 1859, and returned duly served same day, certain personal property of the Defendant having been attached by the constable. The cause was tried before a jury, and a verdict given for the Plain-

tiff, and judgment rendered thereon for $51,00. The cause was removed to the District Court by certiorari, and the judgment of the Justice was affirmed. The Defendant then sued out a Writ of Error from this Court.

The Defendant moved before the Justice, to dismiss the Writ of Attachment, on the ground mainly, that the affidavit upon which it was based, did not state or show facts or circumstances to prove that the claim therein mentioned grew out of a contract, or that the Defendant was about to abscond, or fraudulently to dispose of his property, so as to hinder and delay his creditors ; and also, that said Writ was irregularly issued, the affidavit showing that the Defendant was about to abscond, and was fraudulently disposing of his property ; the first clause by the statute making said Writ returnable in three days. The affidavit itself does not appear in the return, and the only means we have of informing ourselves in regard to its contents, is from the argument of counsel, and the brief mention of it in the return of the Justice, as follows : " I think the affidavit complies with the statute being in *hæc verba*." And the argument was based upon the assumption, that it was drawn in the words of the statute. This provides (*Stat. Minn. p.* 513, *sec.* 94,) that " before any such Writ of Attachment shall be issued, the Plaintiff, or some person in his behalf, shall make and file with the Justice, an affidavit stating that the Defendant therein is indebted to the Plaintiff, in a sum exceeding five dollars, and specifying the amount of such indebtedness, as near as may be, over and above all legal set-offs, and that the same is due upon contract, expressed or implied, or upon judgment or decree of some Court, and containing a further statement that the deponent has good reason to believe either," &c., specifying the particular ground or grounds, upon which he further bases his application. The principal question is, whether an affidavit is sufficient, drawn in the words of the statute, without stating the facts and circumstances on which his statements are based.

Under the attachment law first enacted in the Territory, applicable to District Courts, (*Sess. Laws* 1849, *p.* 155, *sec.* 3,) it has been held, that " proof, in the sense in which it is used in

this act, means legal evidence, or such species of evidence, as would be received in the ordinary course of judicial proceeding." (*Pierse vs. Smith, Minn. Rep.*, 82.) That statute was amended in 1852, and it was provided that " the warrant may be issued whenever it *shall appear* by affidavit that a cause of action exists," &c. Under this statute also, it has been held that the facts upon which the Writ is based, must be made to appear by legal evidence, and the reasoning of the learned Justice in the case last cited, approved, as well as the authorities there quoted; and in the District Courts, there is no doubt but that the facts upon which the Writ is grounded, must be legally proved, sufficient to establish a *prima facie* case, at least.

But the language of the statute upon the subject of attachments in Justice's Court is essentially different from that above referred to. The statute provides particularly what the affidavit shall " state," not what " shall appear " by affidavit. The Legislature having used different language in the two cases, it may reasonably be inferred that they intended a practical and important difference in the proceedings in the two Courts, in laying the ground for obtaining the writ, a difference which characterizes many of the other forms and proceedings in the two Courts. The affidavit for a writ in a Justice Court is simple and easily drawn.

That required for an attachment in a Court of Record, (or the proof required,) often requires no small amount of legal knowledge and skill to prepare. Whether the Legislature has done wisely in making this distinction, is not our province to determine, but under the language of the statute, we cannot hold that the same proof is required to issue a Writ of Attachment in the Justice's, as in the District Court, and hold the affidavit in the case at bar sufficient.

The further objection to the affidavit is also untenable. Upon one of the grounds stated in the affidavit for the writ, the statute makes the writ returnable in three days, upon the other the writ is returnable as an ordinary summons. In this case, the writ was made returnable in six days. But the affidavit having contained a statement, authorizing the return in the

manner in which it was made, was sufficient to give the Justice jurisdiction, and the balance may be regarded as surplusage. It was an irregularity from which it does not appear that the Defendant suffered any prejudice.

On motion of the Plaintiff's Attorney, a part of the answer was stricken out by the Justice, to which no exception appears of record, nor that any objection was made thereto. After the filing of the reply, the counsel for the Defendant moved for a transfer of the cause, on an affidavit stating prejudice on the part of the Justice. The affidavit is not set out in the return, and we are therefore ignorant of its contents, but as no objection appears to have been made to it, on the ground of form or substance, in the Justice's Court, and no such objection is here raised, we will presume it was in accordance with the statute, and sufficient. But it is urged by the counsel for the Defendant in Error, before this Court, that the Justice properly refused to transfer the case to some other Justice, *because*, when the application and affidavit for that purpose were made, the pleadings had been filed, and then corrected on motion before the Justice, and the sufficiency of the affidavit for the attachment had been argued and determined, so that in fact, there had been a trial of a proceeding in the " cause " before the application for a transfer was made. (*Stat. Minn. p.* 309, *sec.* 65.)

This view is quite too narrow, and is not warranted by a fair construction of the statute. The " cause " before the Justice, was the civil action mentioned in the writ, and the process of attachment was incidental to it. If that action was defeated, the attachment falls of course. But the attachment might be dissolved, and the property released under it, without affecting the merits of the suit or " cause." (*Stat. Minn. p.* 515, *sec.* 107.)

The statute provides that the application may be made " at any time before trial shall have commenced in any cause or proceeding," not before trial of a proceeding *in* a cause. The attachment of property is a proceeding *in* a cause, not the cause itself. Two different kinds of trial seem to be referred to in the statute. One, the trial of a cause. The other, a trial of a proceeding not in a cause. There are proceedings had before Justices, which cannot be termed suits, or causes, as the

examination of offenders, binding over criminals, &c., and other matters of this kind. Whether the statute applies to such proceedings, or to what extent particularly it is applicable, it is unnecessary here to determine. We are satisfied that the trial referred to, is a trial of the merits of the cause or proceeding, (as the case may be,) pending before the Justice, and not the determining of some preliminary motion in the cause.

But it is claimed, that though the Justice might have erred in denying the motion to transfer the cause, it was waived by the Defendant in afterwards demanding a jury of twelve men. The return shows that after the Justice refused to transfer the cause, the Defendant demanded a jury, which he afterwards waived. The Plaintiff then called for a jury, when the Defendant objected to a jury of six men, and demanded twelve, of which number the jury which tried the cause consisted. The Defendant having duly excepted to the refusal of the Justice to transfer the cause, lost no rights by proceeding in the cause, which he possessed, in consequence of the error of the Justice in denying his motion. A party making his objections and taking his exceptions in proper time, is not required to abandon a cause, in order to take advantage of his objections in another Court. This proposition is too plain and well settled to need argument or authority cited in its support.

The judgment of the District Court should be reversed.