SIMEON P. FOLSOM, *et al.*, Appellants, *vs.* JOHN A. LOCKWOOD, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

The lien of a mortgage lasts as long as the debt which it is given to secure ; and nothing but an actual payment of such debt, or an express release, will operate as a discharge of the mortgage.

If the mortgage contain a power of sale, and the mortgagee sell the land in pursuance of the power, and the sale is afterwards set aside at the instance of the mortgagor, by a court of competent jurisdiction, the lien of the mortgage is not thereby discharged.

This action was brought to foreclose a mortgage executed by the Appellant, Folsom, to the Respondent. The complaint contained the usual allegations, and set out certain proceedings which had been taken to collect the amount due on the mortgage, substantially as follows : that by virtue of a power of sale in the mortgage contained, the mortgagee had attempted to foreclose the same under the statute, by notice duly given, &c., and that at the sale under the notice and power, the mortgaged premises had been sold in one tract or parcel,

(the premises consisting of several city lots.) That the mortgagee became the purchaser at said sale, and that he had received a Sheriff's Deed for the premises at the expiration of the time limited for redemption.

That the mortgagor refused to deliver possession of the premises, and the Plaintiff had commenced an action before a Justice of the Peace, under the statute, to obtain possession. That an appeal was taken from the judgment of said Justice, to the District Court for Ramsey county. That upon the trial in said District Court, judgment was rendered in favor of the Defendant, Folsom, on the ground that the said sale and foreclosure and the proceeding thereunder were null and void, because the said premises had not been sold in separate parcels, and that said judgment was still in full force, &c., &c., and demands the usual judgment and decree of foreclosure.

The Appellant appeared and demurred to the complaint, upon the ground—

*First.*—The complaint does not state facts sufficient to constitute a cause of action.

*Second.*—It appears that the mortgage described in the complaint contained a power of sale according to the statute.

*Third.*—It appears that the mortgage has been foreclosed by a sale of the premises, and that the principal debt has been extinguished.

*Fourth.*—The complaint contains (if any,) two causes of action which are not separately stated.

The Court below overruled the demurrer and Defendants appealed to this Court.

Points and Authorities of Appellant.

I.—The Court below erred in overruling the demurrer to the complaint for the following reasons :

1st. In this State a mortgage constitutes a mere lien. That lien in this case has been extinguished by a sale of the land under the power and statute—the sale was defective and voidable—not void. *Rev. Stat.*, *p*. 394, *sec*. 35; *p*. 396, *sec*. 60; *p*. 596, *sec*. 11. [The statutes have declared that to be "law"

which has always been equity. *Kent's Comm.*, 2*d Ed.*, 4*th vol. Mortgage*, III, *p.* 164.] 1 *Barb. Rep.*, 379; 2 *Wend. Rep.*, 298; 4 *Cowen*, 166; 10 *Paig.*, 254; 8 *John. Rep.*, 334, 361.

A lien is in all cases extinguished when the prerequisites of such lien have been lost, without the fraud, violence or crime of the person against whom the lien operates, and then it *is* valid only because such person is estopped from questioning its validity by his own wrongful acts.

In this case there was no fraud in the mortgagor, therefore the sale was valid until objections were made and the same was set aside ; but if it was valid *pro tempore* the title passed by it and the lien of the mortgage t hen must have been discharged ; any other view of the case would make a mortgage a lien upon land forever, if the sale was defective.

2d. The mortgage lien having been lost by a "mistake of law," equity has no jurisdiction to give relief, and especially since such mistake was made in a quasi judicial proceeding. *Jackson vs. Henry,* 10 *John. R.,* 185; *Story's Eq. Jur., Sec.* 111, &c., &c.

3d. A foreclosure by advertisement under our statute is a concurrent remedy with a bill in Chancery, like a *scire facias* or petition, which are admissible in some States for the same purpose ; and the mortgagee having made his election of remedies is bound by it, even though through his mistake of law and erroneous proceedings it has proved inadequate. The matter is now *res adjudicata* so far as the mortgage lien is concerned. *Jackson vs. Henry,* 10 *John. R.,* 185; *State Bank vs. Wilson,* 4 *Gils. Rep.,* 57, (*Illinois*); 7 *Wheat.,* 432; 7 *J. Ch. Rep.,* 182; 1 *Dana,* 425. 1 *J. Ch. Rep.,* 91; 4 *Minnesota Rep.,* 33, 35.

II.—The mortgagee acts as trustee for both parties in executing the power in the mortgage. Now can he by reciting his own acts, so illegal and prejudicial to the rights of the mortgagor (one of the *cestui que trust,*) as to cause the execution to be set aside, thus show equities in himself and acquire rights by his own wrongful (it may have been fraudulent) acts and breach of trust ?

III.—The mortgagor's rights in a case like this (if he has any,) are against the Sheriff who acts as his agent and not against

the land—or he must recover upon his personal securities and acquire a new lien by docketing his judgment; and if the land has been conveyed meantime wrongfully, such conveyance may be set aside for constructive fraud, &c., &c. This course is expressly prescribed in some States (against Sheriff.)

IV.—Two if not three causes of action are improperly united in the complaint, and judgment is demanded upon each and all of them. *Van Santvord's Pl.*, *p.* 342 *to* 349, *passem*; *Gould's Pl.*, *ch.* IV, *secs.* 2, 3, 4, &c; 8*th Amer. Ed. Chitty*, 226, &c.

Points and Authorities of Respondent.

I.—As to the 1st, 2d and 3d grounds of demurrer—these claim in effect that the prior foreclosure by advertisement, although void, extinguished the mortgage, and therefore the Plaintiff has no cause of action.

It is well settled that a mortgage must be actually void to extinguish it, and inasmuch as the Plaintiff neither received payment in money or property his mortgage still subsists; a void foreclosure is neither payment nor extinguishment of the mortgage. *Jackson vs. Slater*, 5 *Wend.*, 295; 1 *Hill. on Mort.*, *chap.* 17, *sec.* 5, *p.* 449; *Hough vs. De Forest*, 13 *Conn.*, 473; *Jackson vs. Bowen & Neff*, 7 *Cow.*, *p.* 13; *Johnson vs. Williams*, 4 *Minn.*, 260, 270; *Sec.* 1 *Barb. Ch. Pr.*, 537 *to* 540.

II.—As to the 4th objection of demurrer—this is not ground of demurrer under the statute. *Peckham vs. Smith*, 9 *How. Pr. R.*, 436.

The complaint states one cause of action in equity, setting up all the facts so that the Court can render a complete decree. 1 *Story's Eq. Jur.*, *sec.* 64 *b*, *sec.* 64 *l*, *p.* 80, 81, *sec.* 437 *to* 440, *p.* 466, &c.

J. B. BRISBIN, Counsel for Appellant.

HORN & GALUSHA, Counsel for Respondent.

*By the Court*—EMMETT, C. J.—When a mortgage is given to secure the payment of money, it is the debt itself that is

secured, and not the note or other instrument by which it may be evidenced. Hence the general rule that the lien of the mortgage lasts as long as the debt; and that nothing but actual payment of the debt, or an express release, will operate as a discharge of the mortgage. 1 *Hill. on Mortgages*, 448–9, *sec.* 4.

There is nothing in this case to exempt it from the operation of this rule. The action is brought to foreclose the mortgage, and the mortgagee states in his complaint that the debt still remains unpaid, and that no proceedings have been had at law, save that in the exercise of a power of sale contained in the mortgage, he had sold the mortgaged premises by advertisement, but that the said sale, at the instance of the mortgagor, had been set aside, and declared null and void, by the judgment and decree of the District Court of the proper county.

There is no pretense that any portion of the debt has been paid, or that there has been an express release of the mortgage, but it is insisted that the said sale under the power, though adjudged to be illegal and void, yet operated to discharge the mortgage lien.

We think this proposition was by no means established. No one of the cases referred to in the brief of Defendant's Counsel, seems to us to maintain any such doctrine. They are mostly to the effect—that a judgment creditor, having once sold on execution the interest of the judgment debtor in certain real estate, cannot afterwards redeem the lands under the statute relating to redemption, although his judgment may not be fully satisfied. They all depend more upon the construction of particular statutes than upon any general principle.

The sections of our statute to which we have been referred, seem to establish that the power of sale contained in a mortgage is a "lien or charge" on the land mortgaged, and passes by an assignment of the mortgage. This implies that the "lien or charge" thus created or declared, would not exist, without the statute, or would be lost in case the mortgage was assigned. There is room therefore for distinguishing between this lien or charge, and the lien of the mortgage. The former,

but for the statute, might be lost by an assignment, although the latter would still exist in favor of the assignee, without a statutory declaration to that effect. But these sections do not aid us in determining what is the only material question in this case, which is, whether the debt remaining wholly unpaid and there being no express release of the mortgage, the mortgage lien does not still exist, notwithstanding an abortive attempt to foreclose by advertisement under the statute. They might throw some light on the question, whether the power of sale could again be resorted to, or could be exercised more than once, but these questions do not necessarily arise in this case. There are decisions in some of the States to this effect, but they are predicated more or less upon the peculiar statutes of those states, and it is believed that none go farther, independent of the statutes, than to assert the principle that property cannot be more than once exhausted, in satisfaction of the same debt. And we might admit the correctness of this general principle, yet it would by no means follow that it would apply to the case of a sale, made in pursuance of a power, which at the instance, and for the benefit of the mortgagee had been set aside and declared null and void, by the judgment of a court of competent jurisdiction. Such a sale could not be said to have exhausted the mortgaged property, or made any application of it, in satisfaction of the debt; because the subsequent adjudication thereon, left the parties in the same condition, in their relations to each other, that they occupied before the illegal exercise of the power was attempted.

As between the mortgagor and mortgagee, the former would have had the right, perhaps, to affirm the sale, and hold the latter personally responsible for any injury he may have suffered thereby. *Lowell vs. North & Carll*, 3 *Minn.*, 32. But he cannot have it set aside, and at the same time have the benefit of an affirmance. It cannot be inadequate to pass even the interest of the mortgagor in the property, and yet sufficient to destroy the lien of the mortgagee. The sale should not be held valid for one purpose, and void for another.

We hold therefore that as the debt secured by the mortgage

remains unpaid, and the mortgaged property has in no degree been applied to the payment of the debt, the lien of the mortgage exists, notwithstanding the illegal foreclosure by advertisement—that having been set aside by the judgment of a court of competent jurisdiction, at the instance of the mortgagor.

The judgment of the District Court overruling the demurrer of the Defendants to the complaint, is affirmed; and as there are infant Defendants, whose interests may not be sufficiently protected without a trial, we will remand the case to the District Court, for such further proceedings, as may appear to be necessary.