## PATRICK KEIGHER et al.

### *v.*

## PATRICK McCORMICK.

The provision in section 144, chapter 60, Public Statutes, by which it is enacted that a warrant of attachment may be issued whenever it shall appear by affidavit that a cause of action exists against the defendant, specifying the amount and ground of the claim, and that for any good and sufficient reason other than those previously enumerated in the section, the plaintiff will be in danger of losing his debt, requires a statement of the facts relied on to show the danger to the creditor of losing such debt, and refers the competency and sufficiency of these facts for that purpose to the sound discretion of the officer to whom application for the writ is made.

The exercise of such discretion upon the facts appearing in this case sustained.

This action was commenced in the District Court for Ramsey county. The plaintiff sued out a writ of attachment, on the ground that the plaintiffs were in danger of losing their debt unless an attachment should issue. The defendant made a motion to dissolve the attachment, based upon the affidavit upon which the writ was granted, the writ of attachment, and

vol. xi.—35.

counter affidavits.   Upon the hearing of said motion, the plaintiff also presented further affidavits in support of the writ. The motion was denied, and from the order denying the same, the defendant appeals to this court.   The facts appearing from the affidavits are sufficiently stated in the opinion of the court.

ALLIS & WILLIAMS, for appellant.

I. V. D. HEARD, for respondent.

*By the Court*—McMILLAN, J.—The attachment in this case was issued under section 144, of chapter 60, of the Comp Stat.   We are of opinion that the affidavits in the case do not establish what is technically a fraud on the part of the defendant as to the plaintiffs, his creditors.   If sustained at all, it must be under the last clause of the section cited, which is in the following language: " or for any other good and sufficient reason he will be in danger of losing the same [debt] unless an attachment issue."   It is a fundamental rule of construction, that effect must be given to every part of a statute, if possible.   A reference to the legislation on the subject of attachment in this State, may aid us in arriving at a conclusion as to the intention and effect of this section.   The first legislation was in 1849.   The act passed at the first session of the Legislature, provided for an attachment only in cases of a fraudulent intent of the debtor, to hinder, or delay, or defraud his creditors, or when the debtor was not a resident of the territory.   And before any attachment could issue in any case, the plaintiff was required, among other things, by his own affidavit, or that of some other person or persons, to *prove* to the satisfaction of the justice, the facts and circumstances to entitle him to the same under the provisions of that act.   Laws 1849, p. 23, Art. 11, Sec. 1, 2.   This was superseded by the Revised Statutes, which provides that an attachment may issue whenever the applicant, or some other

person, shall *make affidavit* that a cause of action exists against such defendant, specifying the amount of such claim, and the ground thereof, and that as the applicant *verily believes* the defendant is either: 1st, a foreign corporation; 2d, not a resident of this territory, or has departed therefrom with the intent to hinder and delay his creditors, or to avoid the service of the summons; or that the defendant has assigned, secreted or disposed of, or is about to assign, secrete, or dispose of, his property, so as to hinder or delay his creditors; or that the debt was fraudulently. contracted; or *that the applicant is afraid of losing his debt.* Rev. Stat. p. 346, Sec. 361. The effect and object of this section, as it originally stood, manifestly was to increase the classes of cases in which attachments might issue, and to remove many of the restrictions with which these proceedings were guarded by the prior statute. Under the former, it was necessary for the applicant to *prove* to the satisfaction of the justice, the *facts* and *circumstances* to entitle him to the writ. The latter required him to make affidavit of his belief of the existence of either of the grounds specified in the law, or that he is afraid of losing his debt This was, perhaps, regarded as equivalent to allowing an attachment in every case; and for the purpose of contracting, to some extent, these facilities, and imposing some further restrictions upon creditors, the statute was amended to read as it did at the time of the allowance of the writ. By this amendment, the statement by affidavit of the belief of the existence of the fact relied on for the attachment is not sufficient, but he must make it appear by proof, by affidavit of facts and circumstances establishing such a conclusion. *Curtis v. Moore,* 3 Minn. 33. Nor will it be. sufficient that he fears he will lose his debt, but he must make it thus appear that he will be in *danger* of losing his debt.

But it is urged by the appellant that except in the case of a foreign corporation or non-resident, either fraud or a fraudulent intent on the part of the debtor must exist in all cases before an attachment will be sustained under this section.   Let us examine this question.   The language used in the statute certainly would not naturally lead the mind to that conclusion.   The section under consideration, in the portion preceding the last clause, which is relied on as authorizing an attachment in this case, specifies several grounds, the existence of either of which is sufficient to sustain the writ.   These may be divided into three general classes: 1st, non-residence, in which may be included foreign corporations; 2d, intent to hinder or delay creditors; 3d, intent to defraud creditors; in addition to these is the clause, "or for any other good and sufficient reason he will be in danger of losing the same (debt) unless an attachment issue."   This language implies that the specific grounds mentioned are "good and sufficient;" but these do not all embrace a fraudulent intent; there is nothing fraudulent in being a foreign corporation, or non-resident; fraud, or a fraudulent intent, therefore, is not, we think, an exclusive statutory standard of the good and sufficient reason mentioned in the statute; fraud, or the fraudulent intent, is sufficient, but not essential as a ground for attachment, but under the last clause of the section, there is this essential feature, that whenever relied on, the facts must show that the creditor is in danger of losing his debt unless an attachment issue.   In the instances specified the law presumes the danger; in any other case it must be left to the sound discretion of the judge to whom application is made, to determine whether it is established.   This view we think is strengthened by reference to the section before it was amended.   In that statute, after specifying similar facts as grounds for attachment, a further ground is mentioned, "as that the applicant is afraid of losing his debt."   All that would seem to be required under that section is, that the applicant make affidavit that he is "afraid

of losing his debt." The object of the amendment is to require a statement of the facts relied upon to show the danger to the creditor of losing his debt, and referring the competency and sufficiency of these facts for that purpose, to the sound discretion of the officer to whom application for the writ is made, instead of permitting the fears of the creditor to determine the matter.

In the case now before us many of the statements in the affidavit are too general and indefinite to be relied on. But these facts do appear by the affidavit on which the writ issued, that the defendant is indebted to the plaintiff, and that the debt has been due since July, 1865; that the defendant is indebted to others several hundred dollars, long since due, payment of which has been demanded but not received; that the purchases for which the indebtedness to plaintiff accrued, were for goods, wares and merchandise purchased of plaintiffs by defendant for a store at Faxon in this State; that since such purchases, said defendant has been constructing a building which is his homestead, with a part of the proceeds of said purchases, instead of applying them to the payment of his said indebtedness; that since the first purchase of defendant, he disposed of real estate which he owned in Sibley county to a relative, and has no real estate except his homestead in said county, so far as can be ascertained from the records of the register of deeds of that county; further, that the defendant is a man of intemperate habits, and is squandering his means in dissipation, and is greatly neglecting his business; that the reputation of defendant's store is that said store is a disorderly house and ill conducted; that the defendant's stock is greatly reduced, and that he will not, in deponent's belief, be able to replenish the same, and that defendant is insolvent. These facts, although they do not perhaps constitute what would be technically a fraud, are yet such a gross breach of faith towards a creditor, as to be almost, if not altogether, equivalent to it, and are certainly sufficient to justify the judge,

Keigher et. al. v. McCormick.

in the exercise of a sound discretion, in allowing a writ of attachment. There is some conflict in the statements of the parties in the affidavits used on the motion to dissolve the attachment, but after examining all these affidavits, we see no reason to disturb the order denying the motion.

The order appealed from is affirmed.