Lash v. McCormick.

---

ISRAEL G. LASH

*vs.*

FINDLEY McCORMICK and wife.

To a complaint in an action founded upon a note and mortgage, the answer alleged as a defence, that the note and mortgage were delivered to plaintiff's agents, who, in consideration of the execution and delivery thereof, agreed as such agents, to pay and advance to defendant $1,000 in cash, only $850 of which has ever been advanced, so that there was never more than $850 and interest due upon said note. Defendant claimed the difference between $1,000 and $850 " as a set-off and counter-claim." *Held,* that the defence thus set up was partial failure of consideration, and not a counter-claim.

Lash v. McCormick.

This is an action by the plaintiff, the mortgagee, to foreclose a mortgage. It appeared that on October 29th, 1864, the mortgaged premises were sold in a proceeding to foreclose said mortgage by advertisement, instituted on behalf of the mortgagee, to Allis, the mortgagee's attorney, for the sum of $1,577, which was more than sufficient to satisfy the amount due on the mortgage with costs and expenses; that a certificate of sale was duly executed and recorded; that the premises were bought by Allis on his own account; that he paid no money, but gave credit upon his books, (for the sum bid,) to plaintiff, who was indebted to him in a larger amount; that on December 1st, 1865, Allis and his wife duly executed a deed of the premises to plaintiff, which has been duly recorded; that on the same day Allis charged back to plaintiff in his, (Allis') book, said sum of $1,577; that before the sale a writ of injunction, forbidding the same, was served upon Allis; that in an action commenced by plaintiff against the mortgagor, such proceedings were had that, before the commencement of the present action, it was ordered and adjudged that the defendant and mortgagor was the *owner* of the mortgaged premises, and that the sale and certificate, and the deed from Allis to plaintiff, and the records of such certificate and deed be null and void, and held for naught, such adjudication being based upon the ground that the sale was made in disobedience of the injunction aforesaid.   *Held,* that this state of facts does not establish payment of the mortgage debt, and furnishes no defence to this action.

This is an appeal from a judgment of the district court for Ramsey county, entered upon the report of a referee.   To the statement of the case contained in the opinion it needs only to be added that the note mentioned therein was made on the 13th of October, 1858, payable one year after date, with interest until paid at the rate of twenty per cent. per annum.

GASTON & LEWIS, for Appellants.

LORENZO ALLIS, for Respondent.

*By the Court.*—BERRY, J.—This action is brought to foreclose a mortgage.   The complaint is in usual form, alleging the execution by defendant Findley McCormick of his promissory note for $1,000, payable to plaintiff; and that, to secure the

same, defendant Findley and Elizabeth his wife executed in plaintiff's favor the mortgage, upon which this action is founded; and that no part of the principal or interest of said note has been paid.

For a first defence, defendants say that the note and mort-. gage were delivered to plaintiff's agents, who, in consideration of the execution and delivery thereof, agreed, as such agents, "to pay and advance to" said Findley $1,000 in cash, only $850 of which sum has ever been paid to said Findley, or to any one for him; so that there was never more than $850 and interest due upon said note.

Defendants in their answer "claim as a set-off and counter-claim" the difference between $1,000 and $850, to-wit: $150, with interest. Defendants insist that, as there was no reply, the counter-claim pleaded stood admitted, and that the referee, who tried the case, should have found accordingly.

But we think that the referee was right in holding that the matter pleaded did not constitute a counter-claim, and that, therefore, no reply was required to put it in issue. *Gen. Stat.* *ch.* 66, § 99.

The ingenious phraseology of the answer, and its "claim" of a "counter-claim" do not alter the essential fact, that the matter pleaded is, in substance, a partial failure of consideration, and, if established, will show not that defendants have a cause of action against plaintiff, but that the plaintiff's alleged cause of action is too large and should be reduced. *Gleason vs. Moen,* 2 *Duer* 644.

For a second defence, defendants say that plaintiff foreclosed the mortgage by advertisement, pursuant to the statute; that at the foreclosure sale the mortgaged premises were sold to Lorenzo Allis for $1,577, being more than enough to pay and satisfy the note with all costs and expenses; that said sum of $1,577 was paid by said purchaser to the use and benefit of

the plaintiff, and by said plaintiff received to his own use and benefit, as the proceeds of said sale; and that a proper certificate of sale, duly executed and acknowledged, was delivered to the purchaser, and duly recorded as by law provided.

To establish these allegations would be to furnish a good defence to this action, since it would show payment of the mortgage debt. It was therefore competent for the defendants to make proof thereof. And it was equally competent for the plaintiff to rebut the proof thus made by defendants, by proving facts which would show that the alleged sale did not have the effect of paying the mortgage debt. This the plaintiff might properly do, although, as in this case, his complaint contained no allegations upon the subject of the sale whatever. For the plaintiff founds no claim upon the sale, and if, as he contends, it was void, and did not operate to pay the mortgage debt, the legal effect of pleading it, and then pleading other facts showing its invalidity, would only be to allege circuitously and partially what the complaint alleges directly and generally, viz.: that the mortgage debt is not paid.

The referee finds that a foreclosure sale was *in fact* made October 29th, 1864, as alleged in the answer; that Allis, (who was attorney of plaintiff) purchased the mortgaged premises at said sale for $1,577; that a certificate of sale was duly executed and recorded; that the premises were bought by Allis on his own account; that he paid no money for the same, but gave credit on his book, for the sum bid, to plaintiff, who was indebted to him in a larger amount; that on December 1st, 1865, Allis and his wife duly executed a deed of the premises to plaintiff, which deed has been duly recorded; that on the same day said Allis charged back to plaintiff on his, (Allis') books said sum of $1,577, bid as aforesaid; that before the sale a writ of injunction forbidding the same was served upon Allis; that in an action commenced April 2d,

1866, by plaintiff against said Findley McCormick in the district court for Ramsey county, such proceedings were had, that, before the commencement of the present action, it was ordered and adjudged that said Findley was the owner of the mortgaged premises, and that the sale and certificate of sale, and the deed hereinbefore mentioned from Allis to plaintiff, and the records of such certificate and deed be null and void and held for nought. This adjudication was based upon the fact found, that the sale had been made in disobedience of the injunction before referred to, and was therefore void.

The important question in this case is, whether the facts thus found by the referee show payment of the mortgage debt. No money or other valuable thing has in fact been paid to, or received by the plaintiff as proceeds of said sale. Whether such payment, if one had been made, would have operated to pay the mortgage debt, we do not determine. The fact found, that Allis gave the plaintiff credit upon his account book for the amount of his bid, is not in our opinion important. The sale being void, Allis purchased nothing, and there was no foundation nor consideration for the credit. With regard to judicial sales it has been held, as in cases cited by counsel, that the purchaser buys at his peril, so that the fact that he has purchased a bad title does not necessarily entitle him to relief; but the sale in the case at bar was not a judicial sale.

We are, therefore, of opinion that the referee was right in holding that the mortgage was in full force and unpaid, and that the plaintiff was entitled to judgment of foreclosure. *Folsom vs. Lockwood*, 6 *Minn.* 186.

Defendants' counsel contends that the deed of December 1st, 1865, from Allis to plaintiff, and the evidence charging back the sum of $1,577 were improperly admitted. If either possessed any importance in the case, it was for the purpose

of showing that the plaintiff had received no benefit from the sale, and to this there could be no objection.

Passing by several minor points, which are either disposed of by what has been said, or are not sufficiently substantial to deserve particular attention, it only remains to say that the amount adjudged to be due upon the note and mortgage is too large in consequence of an erroneous computation of interest. Interest should be computed upon the principal, ($1,000,) at the rate of twenty per cent. from the date of the note to its maturity, and at the rate of seven per cent. thereafter. The judgment is modified accordingly