## BRYANT *v.* THE STATE.

LUMPKIN, P. J.   The evidence warranted a finding that an assault with intent to rape was committed by the accused, and there was nothing in the testimony which required a charge upon the law of simple assault.

*Judgment affirmed.   All the Justices concurring, except Little, J., absent.*

Argued February 18, — Decided March 11, 1902.

Indictment for assault with intent to rape.   Before Judge Seabrook.   Effingham superior court.   December 21, 1901.

*White & Boykin* and *R. W. Sheppard,* for plaintiff in error.
*Livingston Kenan, solicitor-general,* contra.

---

## JACKSON *v.* THE STATE.

LUMPKIN, P. J.   1. A charge in an indictment that the accused "did feloniously assault and attempt . . to ravish and carnally know" the female alleged to have been assaulted necessarily implies that the act was done forcibly and against her will.   Harman *v.* Com., 12 Serg. & Rawle (Pa.), 70 ; Davis *v.* State, 42 Tex. 228; Williams *v.* State, 1 Tex. App. 92; Gibson *v.* State, 17 Tex. App. 574; O'Connell *v.* State, 6 Minn. 190; 2 Wharton's Am. Cr. Law, § 1154.

2. The ground of the motion for a new trial based upon alleged newly discovered evidence is without merit, it not appearing that the accused was before the trial unaware of the existence of the evidence referred to in that ground.

3. The evidence in this case, taken as a whole, was not sufficient to show beyond a reasonable doubt that what occurred between the accused and the female upon whom the alleged assault with intent to rape was committed was against her will.   While she did, as a witness, make literal statements to the effect that she resisted and refused to consent, her conduct as detailed by herself affords the gravest room for doubting the truth of those statements; and her testimony in its entirety, interpreted in the light of all human experience, tended strongly to show that in point of fact there was no unwillingness on her part to sexual intercourse with the accused.

*Judgment reversed.   All the Justices concurring, except Little, J., absent, and*
FISH, J., dissenting.   The evidence for the State, if credible, in my opinion, abundantly authorized a verdict of guilty of the offense charged.   The credibility of witnesses is exclusively for the consideration of the jury.   In this case, the jury believed the testimony of the witnesses for the State; the trial judge approved their verdict; and, therefore, a new trial should not be granted by this court.

Argued February 18, — Decided March 11, 1902.

Indictment for assault with intent to rape.   Before Judge Seabrook.   Effingham superior court.   January 16, 1902.

*D. H. Clark,* for plaintiff in error.
*Livingston Kenan, solicitor-general,* contra.