STATE ex rel. MINNESOTA INVESTMENT COMPANY and Others v. DISTRICT COURT FOR SWIFT COUNTY.[1]

April 9, 1914.

Nos. 18,717, 18,718, 18,719—(25, 26, 27).

**Mandamus.**

By G. S. 1913, § 8276, the district court has exclusive jurisdiction in all cases

———

[1] Reported in 146 N. W. 480.

of mandamus, except where such writ is directed to a district court or judge thereof. Until that court or its judge has been first asked to act, relator is in no position to seek from this court such writ to direct transmission of files and records in an action to another county where change of venue is sought. [Reporter.]

**Change of venue — clerk of court.**

The refusal of the clerk of a district court to transmit the files when such change is asked, is in no sense the refusal of the court. [Reporter.]

Upon the relation of the Minnesota Investment Co. and three others, this court granted three orders to show cause, directed to the judge and clerk of the district court for Swift county, requiring them to show cause why three writs of manda mus should not issue ordering them to transfer to the district court for Hennepin county all the files and records in three certain actions in their court against relators in which one Cooper, one Loomans and one Opp were plaintiffs respectively. Return was made in each proceeding that no application had been made to the respondent judge for any change of venue. Orders to show cause discharged.

*John N. Berg* and *Lewis C. Gjestsen*, for relators.

*C. L. Kane*, for respondents.

PER CURIAM.

Action brought in Swift county against four defendants. Two of these made affidavits of residency in Hennepin county and were joined by the other two in a demand for a change of venue to the district court of that county. The demand was duly and seasonably served, and at the same time the clerk of the court of Swift county was paid his fees for transmitting the files to the district court of Hennepin county. The action is transitory as respects the place of trial. Afterwards the clerk returned the fees paid to defendants and refused to transmit the files. Without applying to the district court for any relief, defendants ask this court to issue a writ of mandamus directing the district court of Swift county and the judge and the clerk thereof to transfer all records and files in the action to the district court of Hennepin county.

Section 8276, G. S. 1913, gives the district court exclusive jurisdiction in all cases of mandamus, except where such writ is to be directed to a district court or a judge thereof. But it is plain that defendants are not in a position to ask this court to compel the district court or the judge thereof to act without first having acquainted such court or judge of the situation and requested action. State v. Davis, 17 Minn. 406 (429); State v. Schaack, 28 Minn. 358, 10 N. W. 22. The refusal of the clerk to transmit the files was in no sense the refusal of the court. In this matter the clerk occupies the same position as does any other official in respect to a duty imposed by statute, and if he is to be coerced by a writ of mandamus such remedy is within the exclusive jurisdiction of the dis-

trict court. We must therefore decline to consider the application, and discharge the order to show cause.