R. N. HASSING v. HAROLD J. ZAHALKA.[1]

September 11, 1953.

No. 36,149.

---

[1]Reported in 60 N. W. (2d) 86.

*Loring & Anderson,* for relator.
*Moonan, Moonan, Friedel & Senn,* for respondent.

DELL, CHIEF JUSTICE.

Plaintiff instituted an action against defendant in Waseca county. Defendant, pursuant to M. S. A. 542.10, demanded that the venue be changed to Hennepin county where defendant resides. Plaintiff, claiming that the action was properly venued in Waseca county under § 542.08, filed written objections to the change of venue with the clerk of the district court of Waseca county. The clerk, honoring the objections, refused to transfer the files and notified the defendant that he would not do so without an order of the court.

Defendant, as relator, thereupon filed his petition in this court requesting the issuance of an alternative writ of mandamus directing the Honorable Axel B. Anderson, judge of the district court of Waseca county, and Frank S. Papke, clerk thereof, to transfer the files in said action to the district court of Hennepin county or to show cause why that should not be done. A writ was issued and a return made to it by the judge and clerk of said court.

From the proceedings here and the return of the judge and clerk it appears to be undisputed that no application was ever made to the district court or to Judge Anderson for any relief. Plaintiff contends, and rightfully so, that in this situation we are without jurisdiction to grant relator the relief requested. Section 586.11 gives the district court exclusive original jurisdiction in all cases of mandamus except where such writ is to be directed to a district court or a judge thereof in his official capacity. In that case this court has exclusive original jurisdiction. But it is plain, and we have so held, that a party is in no position to ask this court to compel the district court or the judge thereof to act without first having acquainted said court or judge of the situation and requested action. The refusal of the clerk to transmit the files is not the re-

fusal of the court or judge. If the clerk is to be coerced by mandamus, the remedy is within the exclusive jurisdiction of the district court. State ex rel. Minnesota Investment Co. v. District Court, 125 Minn. 522, 146 N. W. 480.

In view of what has been said it becomes unnecessary to consider the other objections raised by plaintiff to the issuance of the peremptory writ.

Writ discharged and petition denied.

MR. JUSTICE FRANK T. GALLAGHER took no part in the consideration or decision of this case.