### STATE v. GEORGE HALLER.

78 N. W. (2d) 389.

June 29, 1956—No. 36,985.

*George Haller,* pro se, for defendant.

MATSON, JUSTICE.

Petition for an order of this court directing the district court to furnish relator, free of cost, a transcript of the trial pursuant to which he was convicted of grand larceny.

Relator sets forth in his petition that he was convicted of grand larceny in the District Court of Clay County in January of 1956.

Relator further states that he is unable to pay for the transcript which he desires to use in preparation for an anticipated appeal of his conviction to this court.

Although the character of the proceeding which relator has attempted to initiate in this court by his petition is not clear, it may be considered to be in the nature of a petition for the issuance of an alternative writ of mandamus to compel the district court, or a judge thereof, to furnish relator with a transcript on the ground that he is an indigent person and unable to pay for the same. There is no showing whatever that relator has ever applied to the district court, or a judge thereof, for the relief he now seeks.

Even though relator's petition is not technically correct, to say the least, we would be disposed to consider the merits thereof, in view of relator's alleged circumstances, if this court had jurisdiction. We do not have jurisdiction in the absence of a prior application for relief to the district court. M. S. A. 586.11 confers upon the district court exclusive original jurisdiction in all cases of mandamus except where such writ is to be directed to a district court, or a judge thereof in his official capacity. In the latter situation this court has exclusive original jurisdiction. It is well established, however, that a party may not ask this court to compel the district court, or a judge thereof, to act without first having requested relief from said court or judge. Hassing v. Zahalka, 240 Minn. 177, 60 N. W. (2d) 86; State ex rel. Minnesota Investment Co. v. District Court, 125 Minn. 522, 146 N. W. 480; see, State ex rel. Lee v. Schaack, 28 Minn. 358, 10 N. W. 22; State ex rel. Hull v. Davis, 17 Minn. 406 (429); cf. State ex rel. Currie v. Weld, 39 Minn. 426, 40 N. W. 561.

Relator's petition is premature and confers no jurisdiction upon this court in the absence of a prior application for relief to the district court. In so holding we express no opinion as to the necessity of a transcript for an adequate review in the event defendant perfects an appeal to this court. Not all errors presented upon appeal require the preparation of a transcript since the judgment roll referred to in § 632.04; or the bill of execptions provided for by § 632.05; or the synopsis of the testimony prepared pursuant to

§ 640.10 may singly, or in combination, be sufficient to provide an adequate review in compliance with the due process and equal protection clauses of U. S. Const. Amend. XIV.

The application of the petitioner in this court is dismissed.

Dismissed.