**STATE of North Dakota, Plaintiff and Respondent,**

v.

**Dave MOORE, Jr., Defendant and Appellant.**

**No. Cr. 277.**

Supreme Court of North Dakota.

April 1, 1957.

William S. Murray, Bismarck, for appellant.

Leslie R. Burgum, Atty. Gen., Lyle E. Huseby, State's Atty., Fargo, for respondent.

GRIMSON, Chief Justice.

After a trial of nine days during which he was defended by an able attorney, the defendant was convicted of the crime of murder in the second degree in Cass County, North Dakota. He made a motion for arrest of judgment which was denied. He then made a motion for a new trial. He filed an affidavit claiming to be a pauper, and moved that he be furnished a transcript, at the expense of Cass County, to aid him in the preparation of his motion for a new trial and on appeal therefrom if necessary. That motion was denied. This appeal is from the order denying that motion.

Defendant makes the motion under Sec. 27–0606, NDRC 1943, which provides:

"A judge of a district court in which a criminal action or proceeding has been tried, on the application of the defendant or the state's attorney of the county, may order a transcript of the original shorthand minutes of such action or proceeding, or of any part thereof, to be made at the expense of the county whenever in his judgment there is reasonable cause therefor. Such transcript, when prepared, shall be filed in the office of the clerk of such court and shall be available alike to either party in such action or proceeding."

The only question argued upon this appeal is whether or not under the above statute the failure to furnish this defendant a transcript is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the Federal Constitution. The defendant claims that he must have a transcript in order to properly ground his action for a new trial. He does not point out, however, any particular points that he will raise for which he would need a transcript to support his claim of error. He claims that by the refusal of a transcript he was not allowed due process or given equal protection in the matter of appeal; and that such re-fusal amounted to discrimination against him on account of his poverty.

As authority in support of his application defendant cites the case of Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891.

In that case the petitioners had been convicted of armed robbery. They made a motion asking that a copy of the entire record, including the transcript, be furnished them without cost. They alleged that they were poor persons and had no means to pay therefor. That motion was denied by the trial court. They then filed a petition in the Supreme Court of Illinois under the Post-Conviction Hearing Act, Ill.Rev.Statutes, 1955, Chapter 38, Section 826, 832. That petition was dismissed. The Supreme Court of the United States then granted certiorari. 349 U.S. 937, 75 S.Ct. 786, 99 L.Ed. 1266.

That case was decided April 23, 1956, by a divided court, five to four. All of the judges agreed that the Federal Constitution does not require a state to provide appellate courts or give the defendant the right of an appellate review at all, citing McKane v. Durston, 153 U.S. 684, 688, 14 S.Ct. 913, 38 L.Ed. 867, 869. The majority holds, however, that when a state does grant the right of appellate review and that it must not discriminate against the defendant on account of poverty, that the due process and equal protection clauses protect the defendant from all invidious discrimination at all stages of the proceedings.

Mr. Justice Black in the majority opinion introduces the problem as follows [351 U.S. 12, 76 S.Ct. 588]:

"Illinois law provides that 'Writs of error in all criminal cases are writs of right and shall be issued of course.' (Ill.Rev.Stat.1955, c. 38, § 769.1). The question presented here is whether Illinois may consistently with the Due Process and Equal Protection Clauses of the Fourteenth Amendment ad-

minister this statute so as to deny adequate appellate review to the poor by granting such review to all others."

The majority of the court held that by not furnishing a transcript under this statute the state had violated those clauses of the Fourteenth Amendment. It will be noticed that the Illinois statute is mandatory and under it, as held by the court, the transcripts and whole proceedings must be furnished. No alternative way of providing an adequate review is provided.

However, Mr. Justice Black in the majority opinion writes:

"We do not hold, however, that Illinois must purchase a stenographer's transcript in every case where a defendant cannot buy it. The Supreme Court may find other means of affording adequate and effective appellate review to indigent defendants. For example, it may be that bystanders' bills of exceptions or other methods of reporting trial proceedings could be used in some cases." See also Miller v. United States, 1942, 317 U.S. 192, 63 S.Ct. 187, 87 L.Ed. 179; Note, 15 Ann.Cas. 737.

Mr. Justice Frankfurter in his concurring opinion states:

"When a State not only gives leave for appellate correction of trial errors but must pay for the cost of its exercise by the indigent, it may protect itself so that frivolous appeals are not subsidized and public moneys not needlessly spent. The growing experience of reforms in appellate procedure and sensible, economic modes for securing review still to be devised, may be drawn upon to the end that the State will neither bolt the door to equal justice nor support a wasteful abuse of the appellate process."

In State v. Haller, 247 Minn. 571, 78 N.W.2d 389, 390, the court says:

"Not all errors presented upon appeal require the preparation of a transcript since the judgment roll referred to in § 632.04 [M.S.A.]; or the bill of exceptions provided for by § 632.-05 [M.S.A.]; or the synopsis of the testimony prepared pursuant to § 640.-10 [M.S.A.], may singly, or in combination, be sufficient to provide an adequate review in compliance with the due process and equal protection clauses of the United States Const. Amend. XIV."

■ In North Dakota every defendant convicted of a crime may appeal from the judgment of conviction as a matter of right. Section 29–2803, NDRC 1943. This right of appeal is unrestricted. In exercising it a defendant is not required to procure a complete transcript of the testimony taken upon the trial of the case unless the incidents of the trial upon which he predicates error cannot be made a part of the record in any other way.

Ordinarily, the principal item in a statement of the case upon appeal is the certified transcript of the testimony but matters other than the transcript may be certified by the trial judge as a part of the statement. Sections 28–1806, 29–2301, NDRC 1943. The office of the statement of the case is to make appear of record in the case such parts of the proceedings or evidence as would not so appear without settlement as a part of such statement. Section 29–2302, NDRC 1943. All papers filed in the case, all entries in the minutes of the clerk of court, all instructions given to the jury and all requested instructions denied by the trial judge are made a part of the record upon appeal without the necessity of incorporating them in the statement of the case. Sections 29–2818, 29–2306, NDRC 1943. The record other than the statement of the case is prepared by the clerk of court and forwarded to the appellate court without any charge to the defendant. Section 29–2818, NDRC 1943.

■ It is clear, therefore, that if the errors of which the defendant complains appear upon the record or can be made a

part of the statement of the case without the preparation of a transcript of all of the testimony, that defendant's right of appeal would not in any manner be limited or restricted by lack of a transcript of the testimony.

■ The requirement, therefore, that an indigent defendant in his application to the court for a transcript, to be prepared at public expense, make some showing that the proceedings, upon which he asserts error, cannot be made a part of the record upon appeal without such transcript, is a reasonable one and does not discriminate against the defendant or deny his equal protection of the law.

In McKane v. Durston, supra [153 U.S. 684, 688, 14 S.Ct. 915], the court says: "Right of appeal may be accorded by the state to the accused upon such terms as in its wisdom may be deemed proper."

The other modes of providing an adequate review referred to in the Black and Frankfurter opinions, heretofore quoted, are provided in North Dakota by the statutes referred to. Under these provisions an indigent defendant can prepare an adequate appeal without a complete transcript in many cases. If he makes a reasonable showing that he has to have a complete transcript to prepare his appeal, Sec. 27-0606, NDRC 1943, authorizes the court to order a transcript at the expense of the county.

Such showing, however, was not made in the case at bar. Judge Burtness, trial judge, states in his opinion:

"In this case defendant has not in the instant motion specifically set out what issues he desires to raise on appeal. * * * I know of no prejudicial error in the record. * * * It may well be that such issues can be raised by a short statement of the case without a transcript or with only a small portion of the proceedings at the trial and surely so without any necessity of transcribing some eight or nine days of testimony."

The defendant not having made any showing of his need for a transcript and it being possible for him to make an adequate appeal without a transcript it certainly was not error to deny his motion for a transcript at the expense of Cass County and the failure to furnish one was not a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Federal Constitution.

The judgment of the District Court is affirmed.

BURKE, JOHNSON, SATHRE, and MORRIS, JJ., concur.