STATE v. KENNETH W. ADAMS.

110 N. W. (2d) 153.

July 21, 1961—No. 38,512.

*Kenneth W. Adams,* pro se, for petitioner.

NELSON, JUSTICE.

This proceeding involves what appears to be an application for a peremptory writ of mandamus to compel the clerk of the District Court of Washington County to accept an application to the district court for a separate writ of mandamus.

Petitioner alleges that he has properly served the petition as required but that the clerk has not accepted the application for issuance because of lack of a filing fee. In the main, petitioner contends:

"(4)   It is the contention of this petitioner, that, the said peremptory writ of mandamus was duly petitioned for as prescribed by the laws of mandamus. I had made my application out in forma pauperis, with an exhibit of evidence 'S' therein submitted with the writ, to verify my penniless, pauperis condition; and, a duplicate of such a statement is included herewith this peremptory writ of mandamus. As a matter of fact, it took my last 80¢ in my spending account to provide the needed postage for mailing.

"(5)   In submitting this peremptory writ of mandamus to the Honorable Supreme Court in such form as prescribed by 'Special Proceedings'; it is requested that such a decision will be rendered herefor, therefor, such a peremptory writ of mandamus; and, that a court order will issue therefor, ordering Mr. Peterson to accept the writ, so that the Honourable Rollin G. Johnson may review the contents thereof."

This matter may be disposed of in one of several ways. Even though relator's petition is not technically correct, it may be considered to be in the nature of a petition for an alternative writ of mandamus to compel the district court or a judge thereof to hear another

petition for a writ of mandamus below. In the first instance, Rule 81.01(2), Rules of Civil Procedure, states in part:

"The writ of mandamus and the writ of quo warranto and information in the nature of quo warranto are abolished."

Therefore, this court certainly could not compel a lower court to entertain a petition for a writ that has been abolished. Secondly, even if this writ had not been abolished, this court does not have jurisdiction in this matter in the absence of a prior application for relief to the district court.

■ Minn. St. 586.11 confers upon the district court exclusive original jurisdiction in all cases of mandamus except where such writ is to be directed to a district court or a judge thereof in his official capacity. It is well established, however, that a party may not ask this court to compel the district court or a judge thereof to act without first having requested relief from said court or judge. State v. Haller, 247 Minn. 571, 78 N. W. (2d) 389, and numerous cases cited therein.

In Hassing v. Zahalka, 240 Minn. 177, 60 N. W. (2d) 86, which was an application to this court for a writ of mandamus, the defendant had demanded that venue be changed, and plaintiff had filed written objections thereto. The clerk honored the objections and refused to transfer the files and notified defendant that he would not do so without an order of the court. This court said (240 Minn. 178, 60 N. W. [2d] 87):

"From the proceedings here and the return of the judge and clerk it appears to be undisputed that no application was ever made to the district court or to Judge Anderson for any relief. Plaintiff contends, and rightfully so, that in this situation we are without jurisdiction to grant relator the relief requested. Section 586.11 gives the district court exclusive original jurisdiction in all cases of mandamus except where such writ is to be directed to a district court or a judge thereof in his official capacity. In that case this court has exclusive original jurisdiction. But it is plain, and we have so held, that a party is in no position to ask this court to compel the district court or the judge thereof to act without first having acquainted said court or judge of the situation and requested action. The refusal of the clerk to transmit the

files is not the refusal of the court or judge. If the clerk is to be coerced by mandamus, the remedy is within the exclusive jurisdiction of the district court. State ex rel. Minnesota Investment Co. v. District Court, 125 Minn. 522, 146 N. W. 480."

■ The relief which petitioner seeks in district court is purportedly to compel the commissioner of corrections to obey the laws of the State of Minnesota and the United States. The "facts" set forth in the petition contain a list of purported wrongdoings of the said commissioner. These allegations are so utterly ridiculous that it would be useless to repeat them here.

Petitioner, an inmate of the State Prison at Stillwater, clearly admits that he has been an instigator of riots and an agitator at the prison. These are not the only admissions that detract from his standing as a petitioner. He admits that he has violated numerous regulations and that he has caused destruction of property within the prison.

It is clear that this court is without jurisdiction to act, but, if this were not true, the reading of the petition leads to the conclusion that petitioner has adopted the view that he ought not to be held to account for his own wrongdoings. Because of petitioner's own admissions in his petition, the allegations contained therein are wholly insufficient to justify relief in any form.

The petition for the writ is denied.