### L. J. WING MFG. CO. v. DAIRYMEN'S MFG. CO.

(Supreme Court, Appellate Term. June 21, 1912.)

1. SALES (§ 442*)—MEASURE OF DAMAGES—BREACH OF WARRANTY.

In an action for breach of warranty of a ventilating apparatus, the measure of the buyer's damages was the difference in value between the articles delivered and as warranted.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1284–1301; Dec. Dig. § 442.*]

2. TRIAL (§ 47*)—EXCEPTIONS—SUPPORT.

Where defendant's first question to an expert in order to prove damages was erroneously excluded on objection, and an exception taken, defendant was not required to offer further proofs in support of such exception, in order to preserve its rights with reference thereto.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 118, 119; Dec. Dig. § 47.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by the L. J. Wing Manufacturing Company against the Dairymen's Manufacturing Company. From the judgment, both parties appeal. Reversed, and new trial granted, with costs to defendant to abide the event.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Walter E. Godfrey, of New York City, for plaintiff.

Beals & Nicholson, of New York City (Douglas Nicholson, of New York City, of counsel), for defendant.

---

BIJUR, J. Plaintiff sued for the agreed price of apparatus installed in defendant's tinning shop, which apparatus had been warranted by plaintiff to "change the air in the tinning room completely about once every two minutes." On the issue of fact raised by defendant's claim that the apparatus failed to operate as warranted, the learned trial judge was entirely justified in finding in defendant's favor, and plaintiff's appeal in respect of this point is without merit.

[1, 2] Defendant interposed a counterclaim, based, apparently, on the difference in value between the article as delivered and as warranted. Evidence offered by it to prove this difference of value was erroneously excluded. Defendant did not make a complete offer of proof in this respect, but as its first question of an expert as to the fair and reasonable value of an installation as warranted was excluded as incompetent, immaterial, and irrelevant, there was no need of offering further proofs to support the exception first taken. Indeed, it is claimed with some force by defendant on this appeal that such proof would be unnecessary, because, as it urges, the evidence adduced proves that the apparatus was practically worthless. See Brigg v. Hilton, 99 N. Y. 517, 3 N. E. 51, 52 Am. Rep. 63.

Judgment was given in favor of defendant for $29.41 costs; but, as defendant is entitled to a trial of the issues raised by its counterclaim, the judgment must be reversed, and a new trial granted, with costs to defendant appellant to abide the event. All concur.