(March 26, 1907.)

## M. McKISSICK, Respondent, v. OREGON SHORT LINE RAILWAY COMPANY, Appellant.

[89 Pac. 629.]

NEGLIGENCE OF RAILWAY COMPANY—INJURIES TO LIVESTOCK—PROOF OF DAMAGES—SUFFICIENCY OF EVIDENCE—COMMENT ON FACTS BY COURT.

1. Where there is a substantial conflict in the evidence as to whether the engineer on a railway train could have seen livestock on the track ahead of his train, and could have, with the exercise of reasonable diligence and care, stopped his train prior to striking the stock, and injuring and killing them, the verdict of the jury and judgment entered thereon will be sustained on appeal.

2. Where the evidence is such that reasonable men might honestly differ as to the conclusion to be reached therefrom, the verdict of the jury thereon will not be disturbed.

3. Where a witness, called to testify as to the amount of damages caused on account of injury to livestock, testifies that an animal has been damaged to the extent of a specific sum, and it is further shown what an animal of that age, kind and character was reasonably worth at the time of injury, and the nature of the injury inflicted on the animal is also shown; *held*, that notwithstanding the fact that the proof as to the amount of damage inflicted was not made in the usual manner, when considered in connection with the other facts that were before the jury, they had sufficient evidence to enable them to arrive at a proper estimate of the damage sustained.

4. It is highly improper for a trial judge to comment on the evidence and make statements of fact in the presence of the jury, or to discuss in their presence the inference and conclusion to be

arrived at from certain facts that have been proven; the jurors are the sole judges of the evidence and of the conclusions to be reached therefrom.

(Syllabus by the court.)

APPEAL from the District Court of the Fourth Judicial District for Blaine County. Hon. Lyttleton Price, Judge.

Action to recover damages for the killing and injuring of livestock by a railway train. Judgment for plaintiff. Defendant appealed. *Affirmed.*

P. L. Williams, F. S. Dietrich and D. Worth Clark, for Appellant.

Where the only proof to establish negligence of the defendant in killing stock is the fact that the place where stock was run over and killed by a moving freight train was at a point on the track where persons in charge and operating said train could have seen the cow in time to have stopped the train, in the absence of all showing as to when the cow went upon the track, there is not sufficient evidence to establish negligence upon the part of the defendant to entitle the plaintiff to recover. (*Kansas City L. & S. K. Ry. Co. v. Bolson*, 36 Kan. 534, 14 Pac. 5; *Jensen v. Northern Pac. Ry Co.*, 8 Idaho, 599, 70 Pac. 790; *Jones v. Oregon etc. R. R. Co.*, 6 Idaho, 441, 56 Pac. 76.)

The mere fact that the cattle were on the track would not impose upon an engineer the absolute duty of stopping his train. (*Yazoo & M. V. R. R. Co. v. Wright*, 78 Miss. 125, 28 South. 806; *Western Ry. Co. v. Lazarus*, 88 Ala. 453, 6 South. 877; *Peoria etc. Ry. Co. v. Champ*, 75 Ill. 577; *St. Louis etc. Ry. Co. v. Russell*, 39 Ill. App. 443; *Louisville etc. Ry. Co. v. Bowen* (Ky.), 39 S. W. 31; *Yazoo Ry. Co. v. Whittington*, 74 Miss. 410, 21 South. 249.)

Testimony merely as to the value of the animals killed and injured is too indefinite on which to base judgment. (*Carman v. Mont. Cent. R. Co.*, 32 Mont. 137, 79 Pac. 690.)

Testimony merely as to value, from a witness not shown to be competent to testify on that point, does not give the jury

any facts upon which they may test the credibility of the witness, and such testimony is incompetent.   (*Lee v. Callahan,* 84 N. Y. Supp. 167.)

The witness is to testify only to facts. He is to speak as to the facts which he has heard or seen. His opinion is not to be given, for it is the opinion of the jury on the testimony which forms the verdict and decides the case.   (Sedgwick on Damages, 8th ed., sec. 290.)

In an action for injuries to plaintiff's cattle he was not entitled to testify that his damage to the cattle amounted to the gross sum of $400. The determination of the gross damage, apart from the elements thereof, being for the jury. (*Pacific Livestock Co. v. Murray,* 45 Or. 103, 76 Pac. 1079; *Burton v. Severance,* 22 Or. 91, 29 Pac. 200; *Berg v. Imp. Co.,* 38 Wash. 342, 80 Pac. 528; *De Wald v. Ingle,* 31 Wash. 616, 96 Am. St. Rep. 927, 72 Pac. 469; *Hoskins v. Huling,* 2 Will. Civ. Cas. (Tex.) 162.)

The remarks volunteered by the court constitute such error as warrants a reversal of this case, if no other error appeared in the record.

A party has a right to have his requests for instructions submitted to the jury if relevant and correct, unless they are fully covered by the general charge.   (*Braucht v. Graves-May Co.* (Neb.), 89 N. W. 417.)   It is error to refuse an instruction warranted by the law and the evidence, not covered by other instructions in the case.   (*Marsh v. Cramer,* 16 Colo. 331, 27 Pac. 169.)

McFadden & Broadhead, for Respondent.

In view of the contradictory statements of the engineer the jury were amply justified in disbelieving his testimony.

"When a given state of facts is such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury."   (*Grand Trunk Ry. Co. v. Ives,* 144 U. S. 408, 36 L. ed. 485, 12 Sup. Ct. Rep. 679; *Gulf C. & S. F. Ry. Co. v. Ellis,* 54 Fed. 481, 4 C. C. A. 454.)

When a train runs down stock which the engineer saw and should have avoided, the railroad company is liable. (*Buster v. Hannibal & St. J. Ry. Co.*, 18 Mo. App. 578; *St. Louis & S. F. Ry. v. Carlyle*, 75 Ark. 560, 88 S. W. 584; *Wilson v. Norfolk & S. R. Co.*, 90 N. C. 69; *Chicago etc. Ry. Co. v. Barrie*, 55 Ill. 226; *Shuman v. Indianapolis etc. Ry. Co.*, 11 Ill. App. 472; *Missouri Pac. Ry. Co. v. Reynolds*, 31 Kan. 132, 1 Pac. 150; *Woodland v. Union Pac. Ry. Co.* (Utah), 26 Pac. 298; *Johnson v. Rio Grande W. Ry. Co.*, 7 Utah, 346, 26 Pac. 926; *Union Pac. D. & R. G. Ry. v. Patterson*, 4 Colo. App. 575, 36 Pac. 913; *Denver & R. G. R. Co. v. Nye*, 9 Colo. App. 94, 47 Pac. 654.)

An examination of the record will show that counsel saved no exception to objectionable remarks of the court, and furthermore his principal witness testified to the same thing.

AILSHIE, C. J.—This action was commenced to recover damages for killing three head of cattle and maiming one cow. The animals were injured and killed near the station at Tikura, on the Hailey branch of the Oregon Short Line Railway, on the thirteenth day of July, 1905, and damages were claimed in the sum of $140. The injury and loss was caused by one of the defendant's freight trains striking the animals while crossing the track. Verdict was returned in favor of the plaintiff for the sum of $110, and judgment was entered accordingly; defendant moved for a new trial and the motion was denied, and this appeal is from the judgment and order.

The assignments of error may be properly considered under four groups, and we will treat them in their order: 1. Insufficiency of the evidence to support the verdict and judgment; 2. Rulings of the court in the admission and rejection of evidence; 3. Remarks by the judge in the presence of the jury; 4. Refusal of the court to give certain instructions requested by defendant.

As to the sufficiency of the evidence, an examination thereof leaves no doubt. Although there is a conflict, there is abundant evidence to justify a reasonable man in concluding

that the engineer was guilty of negligence in operating his train, and by reason thereof inflicted injuries and caused the damages complained of. The railway company contends, and indeed furnished proofs to that effect, that while the engineer was running a train of thirty-four cars of sheep, he saw an animal come out of a fill and onto the track about twenty-four rods ahead of him, and that about the same time the fireman notified him that other animals were in the fill, that the engineer immediately applied the brakes and stopped the train as soon as possible, but not until the stock had been killed and injured. It was also shown that the train was on a heavy downgrade, and it is contended by the company that such train could not have been stopped with safety within the distance to the stock from where he first saw them. Other facts were shown along that line of evidence and in corroboration of the testimony of the engineer and fireman. On the other hand, the plaintiff produced several witnesses who lived near by and in sight of the track and roadbed where this injury occurred, and they testified that they saw the train coming in on that day, and that it began whistling and tooting at stock over a quarter of a mile above where these animals were killed, and that it kept up whistling until it reached them, but that the train did not appear to slow up any until it reached the place where the animals were killed; they also testified that the animals were in plain view of the engineer all this time, and that they afterward went to the place and tested by experiment to ascertain whether he could have seen them or not, and that they found that he could have done so. Many details are narrated on both sides in corroboration of the respective views taken and positions assumed, but it is needless to recite them here. Reasonable men might differ as to whom they would believe in this case and as to whether negligence has been shown, and in all such cases the verdict must stand. (*Grand Trunk Ry. Co. v. Ives*, 144 U. S. 408, 36 L. ed. 485, 72 Sup. Ct. Rep. 679.)

Appellant has also urged that the evidence is not sufficient to establish the value of the animals killed and injured.

Complaint is made that the witnesses who testified as to the value of the animals did not show themselves competent to testify as to that fact. It is true that they did not show themselves to be experts as to the value of cattle, but we do not think it takes much of an expert to testify to the value of a cow. Although witnesses may differ widely as to the value, it is the privilege of each side to produce the most favorable ones they can, and, after all, the jury generally know as much about those things as the witnesses do, and notwithstanding the legal proposition that they must follow the evidence, every lawyer and judge knows that jurors who want to deal justly between litigants will call to their aid in reconciling conflicts their common knowledge of every-day facts with which they are familiar, and will apply them in a large measure in arriving at their verdict.

The most objectionable thing appearing in this connection in the case at bar is the method employed to prove the amount of damage done to the animal that was maimed but not killed. The witness was asked: "To what extent was the animal damaged?" and answered: "Fifteen dollars." It must be conceded that this is not the proper way to prove damages, but it should be borne in mind that the witness had already stated the nature of the injury to the animal. He said: "She had a leg broken and hip knocked down. She is a red cow, four years old." The jury also had before them the value of such an animal. Notwithstanding the evidence was not elicited in a proper manner, it is clear that the witness considered the animal with a leg broken and a hip knocked down worth $15 less than it was when its bones were whole and in the right place, and the jury evidently agreed with him and we are in accord with both the witness and jury. The error in the method of proof of damage has not prejudiced or injured the appellant, and a new trial should not be granted on that account.

The other errors complained of in the admission and rejection of evidence are of still less consequence than the one just considered, and have in no respect injured or prejudiced the appellant.

When one of the plaintiff's witnesses was testifying, the court interrupted him with the following statement: ''I think cattle on the track that way or near it, when a train comes along, they want to cross the track,'' and when counsel for defendant took an exception to this statement, the court replied: ''I have often heard it said and observed it.'' The court then further manifested some feeling over the action of counsel in taking exception to his remarks. There was neither occasion nor excuse for this interruption on the part of the court. This court has repeatedly expressed its disapproval of such action on the part of trial judges; the jury were the judges of the facts, and it is entirely improper for a trial judge to comment on the evidence or to make statements of fact in their presence unless it be when he is called as a witness. While we strongly disapprove of the action of the court in this respect, it was not of such a prejudicial nature in this case as to demand a reversal of the judgment.

Defendant's first requested instruction was properly denied, for the reason that it was a peremptory instruction to return a verdict for defendant. The other instructions requested by defendant and not given were properly refused. In the first place, they were argumentative, and in some respects each was misleading, and did not clearly and properly state the law on the subject treated. In the second place, the court properly instructed the jury on his own motion as to the law of the case necessary for them to intelligently render a verdict.

No sufficient reason has been brought to our attention for a reversal of the judgment. Judgment is affirmed with costs in favor of the respondent.

Sullivan, J., concurs.