[No. 7815. Decided February 24, 1909.]

JOHN LaRAULT, *Respondent*, v. J. W. PALMER, *Appellant*.[1]

SET-OFF AND COUNTERCLAIM — TENDER — AS BAR — PLEADING. A tender by defendant of a sum admitted to be due on a contract involving items that can be segregated does not bar a counterclaim for a larger sum arising out of the same transaction, Bal. Code, § 5176, only requiring a tender of the amount admitted to be due.

APPEAL—PRESERVATION OF GROUNDS—OFFER OF PROOF. After the court has sustained objections to a counterclaim and ruled that no evidence will be received thereunder, an offer of proof is not necessary to secure a review of the ruling on appeal.

Appeal from a judgment of the superior court for Adams county, Zent, J., entered May 18, 1908, upon the verdict of a jury rendered in favor of the plaintiff, in an action for services. Reversed.

*O. R. Holcomb*, for appellant.

*Adams & Naef*, for respondent.

CHADWICK, J.—Plaintiff brought this action to recover the sum of $211 alleged to be due for services rendered as a veterinary surgeon. He alleges in his complaint that a customary and reasonable charge for the services is the said sum of $211. Defendant answered, admitting that between the 14th day of September, 1906, and the 27th day of October, 1906, plaintiff had treated several of his horses, but denied that his services were of any value except that plaintiff had done dental work upon two of his horses and that such dental work was of the reasonable value of $5, which sum, with all accrued costs and statutory attorney's fees, he tendered into court. Defendant further alleged as an affirmative defense, that plaintiff had held himself out as one possessed of reasonable skill and knowledge of veterinary science; that defendant relied upon such representations and employed

[1] Reported in 99 Pac. 1036.

him to treat three head of horses which were afflicted with
some disease then unknown to defendant; that in truth
plaintiff did not diagnose the disease with which said horses
were afflicted in a proper way; that he treated them as if
afflicted with a harmless disease, when in fact they were sick
with an infectious disease of a most malignant and fatal
type, known as glanders; that by reason of plaintiff's igno-
rance in diagnosis and improper treatment, certain other
horses belonging to defendant, to the number of six head,
contracted the said infectious disease, and that six of his
horses died; that the value of the horses so lost by reason of
the careless, unskilled, and negligent treatment of plaintiff
was the sum of $1,200. For this sum, less the amount ad-
mitted to be due for dental services, he demanded judgment.

Upon the trial the court announced that no testimony
would be allowed upon the defense tendered by the affirma-
tive answer. Exceptions being reserved, the case proceeded
to trial, resulting in a verdict in favor of plaintiff for the
full sum demanded, upon which judgment was thereafter
entered.

The several assignments of error all go to the ruling of
the court in excluding evidence under the further and sep-
arate answer of the defendant. In thus ruling we think the
court erred. A tender of a part of the amount claimed to
be due under a contract involving items which may be segre-
gated, is no more than an admission of a contract and that
the amount tendered is due thereon. The value of the ser-
vices rendered still being an issue, the appellant could under
the statute plead any counterclaim, upon any cause of action
arising out of the contract or transaction set forth in the
complaint or connected with the subject of the action. Bal.
Code, § 4913 (P. C. § 380). While there is a division of
authority, this is in accord with the better rule, and in our
judgment, consistent with the proper interpretation of
Bal. Code, § 5176 (P. C. § 1113), which puts no greater bur-
den on a defendant than to tender the amount which he admits

to be due, rather than the exact amount which may be found to be due. The old rule was harsh and unjust. To relieve a party of the hazards attending a tender, courts gradually came to declare the more liberal rule adopted and announced in *Young v. Borzone*, 26 Wash. 4, 66 Pac. 135, 421, but which is more aptly stated in *Simpson v. Carson*, 11 Ore. 361, 8 Pac. 325: "The tenders and payment into court only admitted the cause of action as to the sum tendered. It did not conclude the respondent as to any defense she might have against a further recovery." *Spalding v. Vandercook*, 2 Wend. 431; *Eaton v. Wells*, 82 N. Y. 576; *Roosevelt v. New York etc. R. Co.*, 45 Barb. 554; *Davis v. Millaudon*, 17 La. Ann. 97, 87 Am. Dec. 517; *Hinds v. Cottle*, 143 Mass. 310, 9 N. E. 654.

Respondent urges that appellant cannot be heard to raise this question on appeal because he did not make an offer to prove his counterclaim in the court below. It is a general rule that an appellate court will not review an issue at the instance of a party who has made no offer to sustain it by proof. But that rule can have no bearing here. The court had in express words excluded appellant's counterclaim, ·and announced that he would "not be permitted to introduce any proof tending to sustain the counterclaim," to which an exception was taken. This was sufficient. An offer to prove an issue which the court has excluded is a practice that should not be encouraged. However guarded the offer may be, it tends to prejudice· and influence the jury and indirectly get before the jury the evidence which the court, under whose theory the case must be tried, has held to be incompetent, irrelevant, or immaterial. In accepting the announcement of the court as final, appellant was within the bounds of propriety. He should not be deprived of his right to have the error of the court considered because of his decorum. The principle involved was before this court in the case of *Norman v. Hopper*, 38 Wash. 415, 80 Pac. 551, wherein it was announced that, where the facts which a party relies on are

contained in his pleadings, thus becoming a part of the record, the general rule as hereinbefore stated does not apply.

The judgment is reversed, with instructions to the court below to try the issues made by the pleadings.

RUDKIN, C. J., FULLERTON, CROW, DUNBAR, MOUNT, and GOSE, JJ., concur.