STATE v. PEYTON.

Opinion delivered February 7, 1910.

RAPE—SUFFICIENCY OF INDICTMENT.—An indictment for rape which charges that the accused did "unlawfully" and "forcibly ravish and carnally know" a certain female is sufficient on demurrer, though it fails to allege that the act was done against her will.

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; reversed.

*Hal L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant, for appellant.

1. 79 Ark. 293, settles this case. The indictment was good before or after verdict, and the demurrer should have been overruled. The words "forcibly" and "ravish" include "against her will." Webster, Dict.; 17 Tex. App., 574; 1 *Id.* 90; 11 *Id.* 301; 39 Tex. Cr. App. 488; 47 Tex. 226; 7 Tex. App. 625; 44 Ala. 110; 12 Pa. (S. & R.) 69; 6 Minn. 279; 85 Wis. 203; 70 Conn. 104; 50 Barb. 128; 2 Wh. Cr. Law, § 1134; 3 Chitty, Cr. Law, 812.

2. The omission of the words "against her will" did not tend to the prejudice of any substantial right of defendants. Kirby's Dig. § § 2228-9, 2243; 5 Ark. 444; 19 *Id.* 613; 63 *Id.* 613; 1 Bish. Cr. Pr. 505; Wharton, Cr. Pl. & Pr. 261.

3. The question may be raised the first time on appeal. 12 Cyc. 811-12.

4. When the offense is stated with such certainty that the accused knows what he is called upon to answer and an acquittal thereon may be pleaded in bar, it is sufficient. 84 Ark. 487; 88 *Id.* 311.

McCULLOCH, C. J. The State appeals from a decision of the circuit court of Jefferson County sustaining a demurrer to the following indictment (omitting caption): "The grand jury of Jefferson County, in the name and by the authority of the State of Arkansas, accuse Arthur Peyton of the crime of rape, committed as follows, to-wit: The said Arthur Peyton, in the county and State aforesaid, on the seventh day of August, A. D. 1909, did then and there wilfully, unlawfully, forcibly and feloniously make an assault on Laura Jones, and her, the said Laura Jones, did then and there feloniously and forcibly ravish and carnally know, against the peace and dignity of the State of Arkansas."

The objection urged against the indictment is that it does not contain an allegation that the act was committed against the will of the female. The crime of rape is defined by statute as "the carnal knowledge of a female forcibly and against her will." Kirby's Dig. § 2005.

In *Beard* v. *State*, 79 Ark. 293, the indictment was in about the same language, omitting an express allegation that the act was committed against the will of the female; and we held that it was a good indictment when questioned for the first time on appeal, as the words in the indictment necessarily involved a

charge that the act was committed against the will of the female. We declined to decide whether or not the indictment would be good on demurrer, though two of the judges, in a separate opinion, expressed the view that it was good. We now have to decide that question.

Of course, it must be alleged in an indictment for rape that the act was committed "against the will" of the female, for that is an essential element of the crime. But the facts constituting the crime need not be charged in the precise words of the statute. If words are used which convey the same meaning, so as to charge all the essential elements of the crime, it is sufficient. The Criminal Code of Practice provides that "the words used in a statute to define an offense need not be strictly pursued in an indictment, but other words conveying the same meaning may be used;" and that "the words used in an indictment must be construed according to their usual acceptation in common language, except words and phrases defined by law, which are to be construed according to their legal meaning." Kirby's Dig. § § 2241, 2242. The Code also contains the following provisions: "The indictment must contain: * * * a statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended." Kirby's Dig. § 2243. "The indictment is sufficient if it can be understood therefrom * * * that the act or omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment on conviction, according to the right of the case." Section 2228. "No indictment is insufficient, nor can the trial, judgment or other proceeding thereon be affected by any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits." Section 2229.

In the Beard case we said that an allegation of an unlawful assault necessarily implied an allegation that the act was done against the will of the assaulted female. In addition to this, we have in the indictment the word "ravish," which means "to seize" or "to snatch by force" (Webster), and the allegation that the act was done forcibly. The words "against her will" have the same meaning in the definition of the crime of rape as the words "without her consent," and proof that the act of sexual

intercourse was committed without the consent of the female, as when she was unconscious and could not consent, is sufficient to sustain an allegation that it was done against her will. *Harvey* v. *State,* 53 Ark. 425; 1 Wharton, Crim. Law, § 556; *Com.* v. *Burke,* 105 Mass. 376.

Now, when we consider, in the ordinary acceptation of those words, the charge that the accused did "unlawfully" and "forcibly ravish and carnally know" the female, there is no escape from the conclusion that the act is alleged to have been done "against the will" of the female, or without her consent, which has the same meaning. Any other interpretation of those words would do violence to their plain meaning. *Jackson* v. *State,* 114 Ga. 861.

The judgment is therefore reversed, and the cause remanded with directions to overrule the demurrer, and for further proceedings under the indictment.