### DIXON v. STATE.

### Opinion delivered February 18, 1924.

1. HOMICIDE—INDICTMENT—ALLEGATION OF INTENT.—An indictment charging that accused "unlawfully, wilfully and feloniously and with malice aforethought, after deliberation and with premeditation, did kill and murder," etc., sufficiently charges the intent to kill to sustain a conviction for assault with intent to kill.

2. HOMICIDE—ASSAULT WITH INTENT TO KILL—EVIDENCE.—Evidence held to sustain conviction of assault with intent to kill.

3. CRIMINAL LAW—ARGUMENTS OF COUNSEL.—In a prosecution for murder, arguments of counsel that "there is not a man in M. county, including myself, and, if I may be permitted, including the judge himself, that will not swear a lie to keep himself out of the penitentiary," and that "if B. S., the deceased, were here, he could tell a different story to the one told by the defendant," though improper, were not reversible error, since they were mere expressions of opinion.

4. CRIMINAL LAW—ARGUMENT OF COUNSEL—EXCEPTION.—Argument of counsel will not be considered on appeal in the absence of exception thereto.

5. CRIMINAL LAW—EXCLUSION OF EVIDENCE—PREJUDICE.—In a prosecution for murder, refusal to permit defendant to ask a State's witness whether she had not had a baby born to her recently, held not to present error on appeal, where defendant failed to show that witness would have answered in the affirmative and did not offer proof that the child was born out of wedlock, as affecting the witness' credibility.

Appeal from Madison Circuit Court; *W. A. Dickson,* Judge; affirmed.

*Combs & Combs,* for appellant.

*J. S. Utley,* Attorney General, *John L. Carter, Wm. T. Hammock, Darden Moose* and *J. S. Abercrombie,* Assistants, for appellee.

HUMPHREYS, J. Appellant was indicted, jointly with his brother, by the grand jury of Madison County, of the crime of murder in the first degree for killing Bob Stepp, on the 7th day of September, 1921. The indictment, omitting formal parts, is as follows: "The said Otto Dixon and Roscoe Dixon, in the county of Madison, in the State of Arkansas, on the 7th day of September, 1921, while acting together with a common purpose and design, unlawfully, wilfully and feloniously, and with malice aforethought, after deliberation and with premeditation, did kill and murder one Bob Stepp, by cutting him on the body of him, the said Bob Stepp, with a knife held in the hands of him the said Otto Dixon, and by shooting him on the head and body of him the said Bob Stepp, with a pistol loaded with gunpowder and leaden bullets, and then and there held in the hands of him the said Roscoe Dixon, from the effects of wounds so inflicted he, the said Bob Stepp, died on the 8th day of September, 1921, against the peace and dignity of the State of Arkansas." At a subsequent term of court the appellant was separately tried under the indictment and convicted of assault with intent to kill, from which judgment he has duly prosecuted an appeal to this court.

The first assignment of error insisted upon by appellant for a reversal of the judgment is that the intent to kill was not charged in specific terms, and that, for this reason, the crime of assault with intent to kill was not embraced within the indictment under which he was tried and convicted. Appellant was charged in the indictment with "unlawfully, wilfully and feloniously and with malice aforethought, after deliberation and with premeditation, killing Bob Stepp with a knife held in his hands." This language, in effect, charges an intent to kill by an unlawful assault. Malice aforethought, deliberation and premeditation to kill necessarily mean an

intent to kill. So a proper charge for murder in the first degree includes all the elements constituting the crime of assault with intent to kill. *Davis* v. *State,* 45 Ark. 464.

The next assignment of error insisted upon by appellant for reversal is that no substantial evidence was introduced tending to show that, at the time of the assault, appellant had in his mind the specific intent to take the life of Bob Stepp. This claim is based upon the fact that Stepp was killed by gunshots fired by Roscoe Dixon, during the fight between appellant and Stepp, and not by wounds inflicted by appellant with his knife. An unsuccessful attempt to kill another by assaulting him with a deadly weapon makes it none the less an assault to kill within the meaning of the law. The gist of the offense is the intent with which the assault is made. The intent is arrived at by the character of weapon used, the manner of using it, and all the facts and circumstances connected with the assault. In the case at bar the testimony introduced by the State showed that the appellant was the aggressor in the fight between him and Bob Stepp, which occurred at a dance at Clifty; that appellant assaulted Stepp with a knife by striking him in the back, and cutting his coat in two places and his body in one; that Bob Stepp reached down, procured a stave, with which he struck appellant, whereupon Roscoe Dixon, a brother of appellant, fired five shots into Stepp's body, which resulted in his death. In short, testimony introduced by the State tended to prove every element necessary to sustain the charge of murder in the first degree against appellant, had death resulted from the assault made by him upon Stepp with his knife. The evidence was therefore sufficient to support the verdict and judgment for assault with intent to kill.

Appellant next assigns as reversible error certain statements made by the prosecuting attorney in his closing argument. The statements are as follows:

1.  "There is not a man in Madison County, including myself, and, if I may be permitted, including the judge himself, that will not swear a lie to keep himself out of the penitentiary."

2.  "If Bob Stepp, the deceased, was here he could tell a different story to the one told by the defendant."

3.  "In order for one to be the aggressor in a difficulty he must strike the first blow."

While these statements were improper, the first one was ruled out by the court, and, in addition, was a mere matter of opinion. The second statement was also the expression of an opinion. For these reasons they did not constitute reversible error. *Butt* v. *State,* 81 Ark. 173; *Bowen* v. *State,* 100 Ark. 232. No exception was saved to the third statement, so it cannot be considered on appeal.

The next and last assignment of error insisted upon by appellant for reversal was the refusal of the trial court to permit appellant to ask the State's witness, Cora Stepp, if she had not had a baby born to her recently. This was a proper question, affecting the credibility of the witness, but appellant is not in position to take advantage of the court's refusal to permit it to be answered. No showing was made by appellant that she would have answered the question in the affirmative had she been permitted to do so. Appellant should have stated to the court that, if permitted to answer, he would prove that she had given birth to a child out of wedlock.

No error appearing, the judgment is affirmed.