No. 29,131.

THE STATE OF KANSAS, *Appellee,* v. J. G. MILLER, *Appellant.*

(296 Pac. 714.)

Opinion filed March 7, 1931.

*A. M. Keene, John L. Connolly,* both of Fort Scott, and *John A Hall,* of Pleasanton, for the appellant.

*William A. Smith,* attorney-general, and *Fred W. Bayless,* county attorney, for the appellee; *Ernest E. Blincoe* and *Harry Warren,* both of Fort Scott, of counsel.

The opinion of the court was delivered by

HARVEY, J.: Appellant was found guilty, on twenty-four counts, of permitting and conniving at the receipt of deposits in an insolvent bank, knowing the same to be insolvent, and on one count of making a false report to the bank commissioner. At the former hearing of his appeal, reported in 131 Kan. 36, 289 Pac. 483, the judgment of the court below was reversed for a new trial on counts one to nine, inclusive, and affirmed on the other counts. His motion for a rehearing was granted to enable the court to review its judgment on the counts affirmed. In view of the statement of facts made in the former opinion, it will not be necessary to restate them here at length.

With respect to evidence as to the insolvency of the bank and specifically with respect to the value of notes owned by the bank, it was held in the former opinion that any competent evidence as to the value of such notes was admissible, and that it was error to limit such evidence to the opinion of witnesses when other competent evidence pertaining thereto is available and is offered. Under the facts of this case, as stated in the former opinion, the error of the court in rejecting such other evidence was held to be harmless. Appellant complains of that holding, and on more careful consideration we have concluded that the point is well taken. The state undertook to show that the bank was insolvent when tested by the statutory rule that its assets were insufficient to pay its liabilities by a showing that the notes held by the bank as assets were, as a whole, worth much less than their face value, and some of them were worthless. To establish that fact witnesses were called who gave it as their opinion that certain of the notes were valueless and others were worth only 25 per cent of their face value. Defendant undertook to meet that line of evidence by offering witnesses who testified to their familiarity with the makers of certain notes and gave it as their opinion that the notes were worth their face. This evidence the court permitted to be received. Defendant went further and undertook to show, by possibly a dozen witnesses and

with respect to as many as six or eight of the notes, that the makers were owners of nonexempt real property of a value in excess of the amount of the notes, and other specific facts tending to show that the notes were good. This evidence was excluded. It was brought into the record by affidavit at the hearing of the motion for a new trial. Defendant did not offer evidence of this character with respect to all of the notes of the bank. In the former opinion we pointed out that there were enough of those to have justified the jury in finding that the bank was insolvent. Appellant now argues that, having offered this character of evidence by a number of witnesses, and the trial court having repeatedly and consistently ruled that such evidence was not proper, he was not required, in order to preserve the question for review in this court, to go ahead and offer the same character of evidence with respect to all the notes in the bank; that to have done so would have been in the nature of an affront to the trial court and would have unnecessarily prolonged the trial of the case to no purpose. While the record of the case does not disclose it, we are advised by counsel that they had evidence of a similar character to offer with respect to many, if not all, of the other notes, but in conformity to the court's persistent ruling did not offer such testimony. In view of this situation we cannot say that the error was harmless. In *Tathwell v. City of Cedar Rapids*, 114 Ia. 180, it was held:

"After the court has ruled that it will not hear defendant's witnesses, defendant is not bound to thereafter present each of them before the court." (Syl. ¶ 2.)

In the opinion it was said:

"It was clearly the right of the defendant to call these witnesses and take their testimony, and it was not bound to present each one before the court after the court had ruled that it would not hear them." (p. 183.)

In *Wing Mfg. Co. v. Dairymen's Mfg. Co.*, 136 N. Y. Supp. 66, it was said:

"Where defendant's first question to an expert in order to prove damages was erroneously excluded on objection, and an exception taken, defendant was not required to offer further proofs in support of such exception, in order to preserve its rights with reference thereto."

In *Sprouse v. Magee*, 46 Ida. 622, 628, it was said:

". . . the fact that the evidence was rejected as a class might obviate the necessity of such offer." Citing *Grieve v. Howard*, 54 Utah 225, 180 Pac. 423.

In *Ballsun v. Star Petroleum Co.*, 288 Pac. 437 (Cal. App.), the headnote reads:

"Where court sustaining objections to testimony stated, in substance, that no similar testimony would be admitted, appellant need not offer further testimony on such subject."

In the opinion it appears that the appellant offered testimony on usage or custom. This was refused, and complaint was made of it. The court said:

"The court sustained an objection to this testimony, and in so ruling stated, in substance, that no testimony along the line pertaining to usage or custom would be admitted. No further attempt was made to introduce testimony as to custom or usage, but the ruling of the court is now urged as error. Under the cases of *Pastene v. Pardini*, 135 Cal. 431, 67 P. 681, and *Mahoney et al. v. A., T. & S. F. Ry. Co.* (Cal. App.), 281 P. 1108, it was proper for the appellant to bow to the ruling of the court and not seek to offer any further testimony bearing upon the subject of usage or custom." (p. 441.)

We are asked to review our former holding with respect to the twenty-fifth count. This count charged the making by defendant and other officers of the bank of a false report to the bank commissioner. While other things were charged in the count, the principal thing relied upon by the state was an entry transferring $2,000 from a stockholders' account to the profit and loss account. That came about in this way: The bank commissioner had required that the directors of the bank make an assessment on their stock. A 40 per cent assessment was made. The appellant Miller and other members of his family, owning collectively 80 per cent of the capital stock of the bank, paid the amount of this assessment, $8,000, in cash to the bank. Other stockholders put up notes amounting to $2,250 for their assessment. When this assessment was turned into the bank, instead of adding it to the account of surplus, or profit and loss, a new account was opened and named "Stockholders' Account," which was credited with $10,250. This was not a checking account for stockholders. It was really an additional capital account of the bank. The evidence is that this was done under the advice and with the approval of the banking department, and for the reason that to place all of it in a surplus or a profit and loss account would be misleading to the public who would see the bank's statements, the plan being to transfer the amount credited in the stockholders' account to the surplus account, or profit and loss account, when and as the occasion

therefor arose. The bank commissioner called for a statement of the bank as of the date of December 27, 1926. The notice of the statement did not reach the bank until December 30. The bookkeeper, following the plan as she understood it, and with the knowledge of those at the bank and active in its management, transferred $2,000 from this stockholders' account to the profit and loss account. This caused the profit and loss account to show a small profit instead of a loss of over $1,900. Although this change was not made until December 30, it was made as of the date of December 27, and the daily statements of the bank for those three days were changed accordingly. After the statement had been made up with this change, and signed by the officers who were at the bank, it was mailed to appellant at his home at Mulberry without any explanation that this particular change had been made. He signed the statement so prepared and it was forwarded to the bank commissioner. All the evidence on the point is that appellant had no actual knowledge of this change. In view of the fact that the sum credited to the stockholders' account, in a sense, rightly belonged all the time either to the surplus account or in the profit and loss account, and in view of the fact that the stockholders' account was opened with a view of preventing misleading information and with the purpose of transferring it, in whole or in part, as it might be needed, to the profit and loss account, the court has concluded that there was no criminal intent on the part of any one in making the transfer of the $2,000 from the stockholders' account to the profit and loss account and making the change in the books to correspond with it, and certainly there could be no criminal intent on the part of the appellant unless it were shown that he had knowledge of the change made, and that it was done to deceive the bank commissioner. It necessarily follows that in so far as the verdict of guilty on the twenty-fifth count rests upon this transaction, the evidence was insufficient to sustain it, and a new trial must be directed. On the retrial of the twenty-fifth count, evidence of the transfer of the $2,000 from the stockholders' account to the profit and loss account, and the making of the change on the books to correspond with it, should not be received.

Appellant at this rehearing strongly urges that the trial court erred in not making a proper record in respect to the closing argument of counsel for the prosecution, and says there is no basis for

the suggestion in our former opinion that the court may have kept minutes of his own of that argument. We are unable to see why the court would not incorporate in his findings of what the argument was the statements which counsel who made the argument admitted he had used. In view of the fact that the case must be reversed on all counts on the grounds heretofore discussed, we find it unnecessary to determine whether it should be reversed because of this point alone.

Our former opinion, reported in 131 Kan. 36, 289 Pac. 483, is adhered to except as it is modified by the views expressed herein.

The judgment of conviction is reversed on all counts, with directions to grant a new trial.

SMITH, J., not participating.