249 P.2d 189

**STATE v. BREWER.**

No. 7888.

Supreme Court of Idaho.

Oct. 16, 1952.

McDevitt & McDevitt, Pocatello, for appellant.

192

Robert E. Smylie, Atty. Gen., J. R. Smead, Asst. Atty. Gen., Jack B. Furey, Pros. Atty., Challis, for respondent.

TAYLOR, Justice.

The defendant and his wife were the owners and operators of a business at Stanley, in Custer County, Idaho, known as the Rod and Gun Club, where liquor and beer were sold at retail.

In the early morning of July 15, 1951, two state liquor law enforcement officers entered the premises for the ostensible purpose of investigating possible violations of the law. On the trial there developed a direct contradiction between the witnesses for the state and the witnesses for the defense, both as to the time when the investigation was made, and as to what transpired during the course thereof. The officers testified that they entered the club shortly after 2 o'clock, a. m., and purchased whiskey and beer; that Officer Edwards undertook to arrest the bartender and to dissuade him from mixing and serving further drinks; that the defendant interfered with the proposed arrest of the bartender, directed him to disregard the officer, spilled whiskey which the officer had purchased, and attempted to prevent the officers from taking purchased beer from the premises. The defense witnesses testified that the officers entered the club before 1 o'clock, a. m., and contradicted the officers in certain particulars as to what occurred during the altercation which followed.

We have examined the record with reference to the assignments of error and have found all of them without substantial merit except assignment No. 4. Since we conclude that the error indicated by assignment No. 4 requires a new trial, we will not discuss the other assignments. By assignment No. 4 the appellant complains of the ruling of the trial court excluding evidence, which the defendant proposed to introduce, and the remarks and statements of the trial judge in connection therewith.

During the presentation of the defense and when the defendant had his tenth witness on the stand, and preliminary questions had brought the witness up to the time of his entry into the Rod and Gun Club, the record shows the following exchange between court and counsel:

"The Court: Mr. McDevitt, I think we will have to draw a limit on this repetition of this—what happened in there. The important element in this case now is as to time. Unless this witness can help us on that question, I think I will have to refuse to let him testify again what happened in this Club. We have had a parade of witnesses here, and they have all testified now, and I think the Jury is thoroughly familiar with what happened in this Club. Time is the only important element left in the case, as I see it, and unless this witness can help on that—

"Mr. McDevitt: If the Court, please, I think the testimony of all these witnesses goes far*ther* beyond time, it goes to the contest of the element of combat, fighting, the rod, the whiskey, and all the other details, Your Honor, time is not the only other element in the case by any means.

"The Court: Well, there has, been so many witnesses on this question, and there has been, apparently—I am making this statement after considering it very thoroughly—there has been perjury committed in this court, by witnesses—I don't know who they are, but it has been committed. Because it couldn't be two o'clock and one o'clock at the same time; and that's the important element in this case,

and what I am saying now, means that there should be a mistrial, or a new trial, or a directed verdict, let that be as it may, but I am not going to permit in my court, perjury that has been taking place here. On the one hand, we have the Officers testifying that they went in there after two o'clock, now we have these other witnesses coming in here and say it was before one o'clock—somebody has been lying. Now, that's what I want to find out in this case. Now, is there anything else?

"Mr. McDevitt: If The Court, please, might I have an explanation at this time. Am I to understand that we are being forbidden from putting on more testimony in regards to the incidents in the Rod and Gun Club, because The Court intimates that some of these witnesses that we have been putting on may have been lying?

"The Court: I haven't intimated that, Mr. McDevitt, I don't know who— I know this, this broad statement— either the Officers lied, or the witnesses for the defendant lied, one or the other, I don't know which. Now, I am not restricting you to putting on witnesses, as to new points in evidence here, but I am restricting you, which I have the right to do under the statute on cases, from putting on a continuous parade of witnesses to corroborating evidence of testimony

that has already been given. This case could go on for a week corroborating one side or the other on that question.

"Mr. McDevitt: Your Honor has spoken to me before, as well as he has to counsel for the prosecut*ing* with regards to the very element, it's very obvious there as regards to the contradictory statements on the element of time, somebody lied, but I submit, Your Honor, because that is the case, it is very necessary for me to put on more corroborating testimony to show the fact that so many more people saw the incidents that our witnesses say they did.

"The Court: Well, the important question is time, now anybody can walk into that Bar, and he may see a man take a drink, he may not, he may see a fight, or he may not see a fight— But when it comes to a question of time, that's different matter, if he looked at his watch, and say it was one o'clock, then that's something definite. So I will let you corroborate anything on the time element."

then after a fifteen minute recess, the following:

"The Court: For the record, I wish to state in this case, that the law of this State is, with respect to perjury, any witness appearing in the case, who takes the stand, or while remaining on the stand, admits he has sworn false-

ly, purges himself of contempt—of perjury, and thus takes away the crime. Therefore, in this case, before this case is closed, any witness feels that he has testified falsely, may take the stand and admit that false testimony, and be purged of perjury. You may proceed."

Then, after brief examination of three additional defense witnesses and while Officer Edwards was on the stand as a rebuttal witness for the state, and counsel for both parties had concluded their examination of him, the following:

"The Court: Mr. Edwards, were you in the Court Room this morning when the Court advised the spectators, witnesses and the Jury, and counsel and others present, that a witness may purge himself of perjury, provided he do it before the case is submitted to the Jury? A. I was.

"The Court: That's all."

█ Whether the jury would or could infer that the judge ultimately formed an opinion that the defendant's witnesses were guilty of perjury may be conjectural, but it is obvious that an extraneous issue was injected into the trial and into the minds of the jurors. They were left to speculate as to who might subsequently be charged with perjury and the possible effect of their verdict thereon. It was the jury's exclusive province to determine for

the purposes of the immediate issues submitted to them, which witnesses were swearing falsely, if any, and which were truthful. This they should be permitted to do without distraction as to possible consequences which might follow in subsequent perjury proceedings.

■ The court was also in error in holding time to be the only remaining issue of importance in the case and in limiting the defendant to the production of further evidence on that issue. The jury may well have inferred that the court was of the opinion the state had established the acts of resisting, delaying and obstructing the officer, provided state's witnesses were correct as to the time when these acts occurred, when he said, "I think the Jury is thoroughly familiar with what happened in this Club. Time is the only important element left in the case, as I see it,". It was for the jury to determine whether the plaintiff had proved the acts constituting the offense. McKissick v. Oregon Short Line Railway Co., 13 Idaho 195, 89 P. 629; State v. Ward, 51 Idaho 68, 1 P.2d 620. Cf. R.19–2401, I.C. Court Rules March 19, 1951.

The question of time was important, of course, to determine whether or not the officers were justified in attempting to arrest the bartender for selling liquor after hours. But the main issue in the case was as to whether or not the defendant resisted, delayed or obstructed the officer in the performance of his duty. Hence, the exclusion of further evidence on behalf of the defendant as to what took place in the club was error.

■ It is true the defendant made no further general offer of evidence as to what happened in the club. However, since the court ruled against the admission of all evidence on that subject, as a class, no offer of proof was necessary to preserve the question for review on this appeal. Sprouse v. Magee, 46 Idaho 622, 269 P. 993; Eby v. City of Lewistown, 55 Mont. 113, 173 P. 1163; Grieve v. Howard, 54 Utah 225, 180 P. 423; State v. Miller, 132 Kan. 474, 296 P. 714; Lawless v. Calaway, 24 Cal.2d 81, 147 P.2d 604; Morello v. Growers Grape Products Ass'n, 82 Cal. App.2d 365, 186 P.2d 463; Peterson v. Sundt, 67 Ariz. 312, 195 P.2d 158; In re Kearns Estate, 36 Cal.2d 531, 225 P.2d 218; Chambers v. Silver, 103 Cal.App.2d 633, 230 P.2d 146; 4 C.J.S., Appeal and Error, § 291 b.(1).

This record raises a serious question as to whether the defendant had a fair trial. Accordingly, the judgment is reversed and a new trial ordered.

GIVENS, C. J., and PORTER, THOMAS and KEETON, JJ., concur.