92 So.2d 323

Gordon **BISHOP**

v.

**STATE.**

**7 Div. 441.**

Court of Appeals of Alabama.

Jan. 22, 1957.

Roberts & Orme, Gadsden, for appellant.

John Patterson, Atty. Gen., Bernard F. Sykes, Asst. Atty. Gen., and Chas. B. Bailey, Jr., Livingston, of counsel, for the State.

HARWOOD, Presiding Judge.

This appellant was arrested under a rendition warrant issued pursuant to a request of the Governor of Tennessee, looking toward the return of the appellant to Tennessee to answer a charge of obtaining property with fraudulent intent by means of a check, which check was not paid on account of insufficient funds.

Appellant filed a petition for a writ of habeas corpus, seeking his release from custody, which after a hearing was denied by the court below. Hence this appeal.

In the proceedings below the record shows that a prima facie case for retention and rendition of the appellant was established by the introduction of the rendition warrant of the Governor of Alabama, and certain allied papers.

The record shows that the appellant was presented as a witness in his own behalf, and after some preliminary questions was asked if he knew Earle G. Murphy. From the record it appears that Earle G. Murphy was judge of the Sessions Court of Bradley County, Tennessee, and to whom complaint was made, and who issued the Tennessee warrant for the arrest of appellant.

The Solicitor objected to going into any facts.

Thereupon the following ensued:

"Mr. Stivender: The only thing that we say that would be permissible to have testimony on is jurisdictional facts, or anything like that.

"The Court: My recollection is that on this sort of proceeding, Mr. King, we have no authority to go behind the warrant.

"Mr. King: I beg to differ with your honor. I can show you the law, that you can go beyond the facts, and show not only that, but if they are trying to obtain—trying to take a man out of the State of Alabama for the collection of a debt, you can go into all the facts about it. I can show you a case where they never even pled—

"The Court: All right, let's see it. (Thereupon the Court and Counsel retired to the Court's chambers for some time; upon return to the courtroom, the following proceedings were had:)

"The Court: I sustain the objection to any matters other than identification under the warrant. That is, the Governor's warrant of the State of Alabama.

"Mr. King: We except to the Court's ruling, and we wish to show to this Court, and demand the right to be heard, showing facts that this alleged warrant is for the purpose of collecting a debt in a foreign state, solely for the purpose of collecting a debt by a foreign state, and that according to the law of Alabama a man cannot be extradited for the purpose of collecting a debt.

\*   \*   \*   \*   \*   \*

"The Court: Overruled, on the ground that we can't go behind the Governor's warrant on anything but the identification of this defendant.

"Mr. King: We except to the Court's ruling. You may come down.

"The Court: All right, anything further?

"Mr. King: No, sir, that's all— unless the Court wants us to go into the collection of debt, and I believe the Court has already ruled on that, that we can't go into the facts of it.

"The Court: Well—

"Mr. Stivender: We object to any such collection of debt.

"The Court: I think I've already ruled on that. I sustain the objection."

Section 68, Title 15, Code of Alabama 1940, specifically provides that "nothing in this chapter [Criminal Extradition Chapter] shall be construed as authorizing the extradition of any person in this state to any other state where the extradition proceedings, directly or indirectly, seek to aid in the collection of any debt, demand or claim against the party sought to be extradited."

By this section the responsibility is placed squarely on the courts to see that its provisions are not violated. Scott **v.** State, 33 Ala.App. 328, 33 So.2d 390.

That the State establishes a prima facie case for holding an accused in custody as a fugitive does not preclude the court from looking behind the prima facie case to determine whether the rendition warrant was issued only in an authorized case. State of Tennessee v. Hamilton, 28 Ala.App. 587, 190 So. 306; Hobbs v. State of Tennessee ex rel. State of Alabama, 30 Ala.App. 412, 8 So.2d 595; Scott v. State, supra.

By its rulings the court below precluded this appellant from attempting a showing which, if established to the required degree, would have entitled him to his discharge. His efforts along this line may, or may not, have been meritorious. He at least however was entitled to an attempt to show that the extradition proceedings were in aid of collecting a debt.

The court having ruled in positive fashion that it would not admit any evidence tending to show that the extradition was sought in aid of the collection of a debt, an actual offer of evidence upon this issue was unnecessary to preserve the question for appellate review. See 3 Am. Jur., App. & Error, Sec. 354; La Rault v. Palmer, 51 Wash. 664, 99 P. 1036, 21 L.R.A.,N.S., 354.

Reversed and remanded.