Carl DUNCAN *v.* STATE of Arkansas

CR 77-213                                      565 S.W. 2d 1

Opinion delivered April 17, 1978
(In Banc)
[Rehearing denied May 22, 1978.]

*Frierson, Walker, Snellgrove & Laser,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joyce Williams Warren,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Carl Duncan was charged and convicted of rape before the new Arkansas Criminal Code was adopted. We reversed his first conviction for prejudicial error. *Duncan* v. *State,* 260 Ark. 491, 541 S.W. 2d 926 (1976). Duncan was again tried on the same information, convicted and now alleges one error on appeal.

Before the trial the trial judge ruled in chambers that the victim could not be cross-examined about her previous sexual conduct or misconduct. The court also informed the lawyers that the defendant could not be examined about his previous sexual behavior or sexual offenses. Duncan's lawyer objected to the court's ruling which apparently was based on Act 197 of 1977.

This act was passed after Duncan's first trial and after the new criminal code was adopted. Duncan was tried for forcible rape under the old rape statute. Ark. Stat. Ann. § 41-3401 (Repl. 1964). Generally, Act 197 prohibits inquiry of a victim's previous history of sexual conduct. The act provides for the exclusion of evidence of a rape victim's prior sexual conduct unless it is determined to be relevant at a pre-trial hearing.

There were three objections to the court's ruling: (1) it denied the defendant's right to equal protection of laws and right to due process of law as guaranteed by the United States and Arkansas Constitutions; (2) the act is void and unconstitutional for the same reasons; and, (3) it prohibited the defendant from questioning the victim as to her virginity or offering extrinsic evidence regarding her virginity.

The appellant did not proffer any evidence at this hearing or later during trial; nor did appellant renew his objection at any other time. During the trial the victim was subjected to

a rather pressing cross-examination. However, the appellant argues that his cross-examination was limited by the court's ruling.

The appellant did question a doctor who examined the victim about all his findings as to. the victim's physical appearance after the incident. He also obtained information about the condition and size of her vaginal cavity. This was some of the evidence that he argued he would be prohibited from presenting.

We cannot say from this record that Duncan was prejudiced by the ruling of the court. First of all, virginity is not relevant *per se* in a rape case. The courts have historically permitted a defendant's attorney to cross-examine in detail a victim as to her complete sexual history. This information is usually totally irrelevant to the charge of rape. Act 197 was obviously designed to limit this type of examination and protect the victim from unnecessary humiliation.

There was no proffer whatsoever of any extrinsic evidence that Duncan may have had, bearing on the victim's sexual history, to aid us in determining if Duncan was prejudiced. Duncan indicated he had such evidence. We have said many times that the failure to proffer evidence so that we can see if prejudice results from its exclusion precludes review of the evidence on appeal. *Goodin* v. *Farmers Tractor & Equip. Co.,* 249 Ark. 30, 458 S.W. 2d 419 (1970); *Barnes v. Young,* 238 Ark. 484, 382 S.W. 2d 580 (1964); *cf., Hill* v. *State,* 250 Ark. 812, 467 S.W. 2d 179 (1971). See also, Rule 103(a)(2) Ark. Stat. Ann. § 28-1001 (Supp. 1977).

Duncan argues on appeal, in addition to the constitutional arguments raised at the trial, that Act 197 cannot be applied to Duncan because it only applies to one charged under the new criminal code. It is unnecessary for us to answer this argument or the constitutional arguments because we can find no prejudicial error resulting from the trial court's ruling.

Affirmed.

FOGLEMAN and BYRD, JJ., dissent.

JOHN A. FOGLEMAN, Justice, dissenting. I have difficulty in relating the failure to proffer evidence of previous sexual activity by the prosecuting witness to the ruling of the trial court. The ruling questioned was made sua sponte in camera before the trial commenced. It was very sweeping. The circuit judge said:

> THE COURT: Let the record show that this is in chambers and out of the presence and hearing of the jury.

> Counsel for the State and for the defendant are admonished by the Court not to make any reference either by way of cross-examination of the alleged victim nor will they be permitted to offer any extrinsic evidence going to any prior sexual conduct or behavior of the State's witness, the alleged victim, with the defendant or any other witness at any time other than the event which is the basis for the rape charge in this case.

> MR. LASER: Your Honor, are you also holding that the State has no right to inquire of the defendant regarding previous sexual behavior?

> THE COURT: Correct.

> MR. LASER: Including sexual assaults, rapes or anything of the kind where they didn't result in convictions?

> THE COURT: Not the prosecuting witness or the alleged victim concerning her — any prior sexual conduct of the alleged victim.

Both appellant and appellee reach the inescapable conclusion that this action by the trial judge was based upon § 1 of Act 197 of 1977. That section reads:

> Sec. 1. In any criminal prosecution under Arkansas Statutes Annotated 41-1803 through 41-1810 or for criminal attempt to commit, criminal solicitation to commit or criminal conspiracy to commit an offense defined in any of these sections, opinion evidence,

reputation evidence, or evidence of specific instances of a victim's prior sexual conduct with the defendant or any other person is not admissible by the defendant, either through direct examination of any defense witness or through cross-examination of the witness or other prosecution witness, to attack the credibility of the victim, to prove consent or any other defense, or for any other purpose.

No other issue is presented on appeal and only that part of the record essential to the issue arising from the trial court's application of that statute is abstracted by appellant. Appellee supplies only brief excerpts from the cross-examination of the examining physician, perhaps in an effort to demonstrate that the error, assuming that there was error, was harmless.

Application of the statute was clearly erroneous. Appellant was properly prosecuted under Ark. Stat. Ann. § 41-3401 (Repl. 1964) for an offense alleged to have occurred on November 28, 1974. It defined the crime of rape thus:

Rape is the carnal knowledge of a female, forcibly, and against her will.

The crimes to which Act 197 of 1977 applies are quite differently defined. For example, rape is defined by Ark. Stat. Ann. § 41-1803 (Repl. 1977) as follows:

(1) A person commits rape if he engages in sexual intercourse or deviate sexual activity with another person:

(a) by forcible compulsion; or
(b) who is incapable of consent because he is physically helpless; or
(c) who is less than eleven (11) years old.

(2) Rape is a class A felony

By the clear language of the act itself, it is not applicable to the present prosecution.

It seems to me that the ruling of the trial court does not encompass one important factor relating to the admissibility of evidence. If the court's limiting order is restricted to evidence pertaining to specific acts, then it did not exclude otherwise admissible evidence as to the reputation of the prosecutrix for chastity. The objection registered by appellant's attorney did not reach this type of evidence either, although appellant does suggest in his argument that the ruling prevented his cross-examining the witness as to any fact which would indicate a seductive nature on her part which contributed to the circumstances of the prosecution. Not only does this peculiar question arise for the first time on appeal, but it seems to be based upon the erroneous premise that the prosecutrix could be examined about specific acts with others on the issue of consent. But this type of proof is severely limited.

Want of consent by the prosecutrix is an essential element of the crime for which appellant was prosecuted. *State v. Peyton,* 93 Ark. 406, 125 S.W. 416, 137 Am. St. Rep. 93; *Zinn v. State,* 135 Ark. 342, 205 S.W. 704. See also, *Gann v. State,* 200 Ark. 947, 141 S.W. 2d 834. Consequently, want of consent was an issue and not an affirmative defense. The character of the prosecutrix for chastity could be impeached in order to raise a presumption of consent. *Smith v. State,* 150 Ark. 193, 233 S.W. 1081. See also *Rowe v. State,* 155 Ark. 419, 244 S.W. 463.

Even so, appellant could only have cross-examined the prosecutrix about her prior acts or conduct with him. On the issue of consent, the accused has been permitted to show the character of the prosecutrix by general evidence of her reputation in that regard, but not by interrogation of her as to particular instances of her unchastity, except as to intercourse or conduct with the accused. *Pleasant v. State,* 15 Ark. 624. Appellant's objection does not reach this kind of cross-examination.

The prosecutrix could, however, also have been cross-examined as to particular acts of immorality in order to impeach her credibility. *Lockett v. State,* 136 Ark. 473, 207 S.W. 55 (on rehearing). It is true that this right is not absolute and that the trial judge must exercise discretion in determining

whether specific questions and answers appellant believed would be given if the prosecutrix answered truthfully had probative value on the credibility of the witness or whether the witness was entitled to protection from mere humiliation and embarrassment. *King* v. *State,* 106 Ark. 160, 152 S.W. 990. See also, *Fike* v. *State,* 255 Ark. 956, 504 S.W. 2d 363. It is true this would require a very limited type of proffer. See also, *Washington National Insurance Co.* v. *Meeks,* 249 Ark. 73, 458 S.W. 2d 135; *Kingrey* v. *Wilson,* 227 Ark. 690, 301 S.W. 2d 23; *Dixon* v. *State,* 162 Ark. 584, 258 S.W. 401. But the scope of the court's order was too sweeping to permit the very limited proffer required in such cases. Although we have not passed upon the question in Arkansas, it is widely, if not universally held that a proffer is not necessary to preserve the question if, because of the trial court's attitude, it would be a useless gesture or if the trial court has ruled broadly that no such evidence or proof will be received. *Bishop* v. *State,* 38 Ala. App. 667, 92 So. 2d 323 (1957); *Dixon* v. *Coffey,* 161 Neb. 487, 73 N.W. 2d 660 (1955); *Beneficial Fire & Cas. Ins. Co.* v. *Kurt Hitke & Co.,* 46 Cal. 2d 517, 297 P. 2d 428 (1956); *State* v. *Brewer,* 73 Idaho 191, 249 P. 2d 189 (1952); *Eby* v. *City of Lewistown,* 55 Mont. 113, 173 P. 1163 (1918); *LaRault* v. *Palmer,* 51 Wash. 664, 99 P. 1036 (1909), 21 L.N.S. 354. See also, *Sprouse* v. *Magee,* 46 Idaho 622, 269 P. 993 (1928); *State* v. *Miller,* 132 Kan. 474, 296 P. 714 (1931); *Grieve* v. *Howard,* 54 Utah 225, 180 P. 423 (1919); *Montez* v. *Superior Ct. for Co. of L.A.,* 10 Cal. App. 3d 343, 88 Cal. Rptr. 736 (1970).

I would reverse the judgment and remand the case for a new trial.

I am authorized to state that Mr. Justice Byrd joins in this opinion.