Michael FIELDS *v.* STATE of Arkansas

CR 83-76                                    661 S.W.2d 359

Supreme Court of Arkansas
Opinion delivered November 28, 1983
[Rehearing denied January 9, 1984.*]

*Felver A. Rowell, Jr.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

---

*Hollingsworth, J., not participating.

GEORGE ROSE SMITH, Judge. Fields was charged with two counts of carnal abuse of a person under fourteen and two counts of incest, in that in September and October, 1982, he had engaged in sexual intercourse or sexual activity with his 13-year-old stepdaughter. Ark. Stat. Ann. §§ 41-1804 and 41-2403 (Repl. 1977). Under the rape-shield statute the defense proffered evidence at a pretrial hearing that the prosecutrix had engaged in sexual activity with others. The trial court held the evidence inadmissible, finding that its inflammatory or prejudicial nature outweighed its probative value. Section 41-1810.2. This interlocutory appeal under that same section comes to us under Rule 29 (1) (k).

Fields's proffer of testimony was based on the assumption that the State would be allowed to introduce the report of a doctor who had examined the prosecutrix on the date of the last offense. That report, after reciting that the patient indicated that her stepfather began fondling her at age six and had had intercourse with her since age nine, stated that examination showed only small hymenal ring remnants. It concluded: "[Patient] states that intercourse has probably occurred approximately 100 times. Pelvic exam would indicate that this could be an accurate statement."

Even if the doctor's report should somehow be received in evidence at the trial, the proffered proof of the prosecutrix's alleged or suspected sexual activity in four other instances is still not admissible. This case is governed by our prior holdings under the rape-shield statute, beginning with *Duncan* v. *State,* 263 Ark. 242, 565 S.W.2d 1 (1978). In *Duncan* defense counsel brought into evidence information about the condition and size of the prosecutrix's vaginal cavity, to show as in the case at bar that she was not a virgin. In sustaining the trial court's ruling that the defense could not cross-examine the prosecutrix about her prior sexual conduct, we said:

> We cannot say from this record that Duncan was prejudiced by the ruling of the court. First of all, virginity is not relevant *per se* in a rape case. The courts have historically permitted a defendant's attorney to cross-examine in detail a victim as to her complete

sexual history. This information is usually totally irrelevant to the charge of rape. [The rape-shield statute] was obviously designed to limit this type of examination and protect the victim from unnecessary humiliation.

That statement of the law is applicable here. The doctor's report did show that the prosecutrix was not a virgin and may have had sexual intercourse many times. Even so, proof of her earlier sexual activity was not relevant to the charges of carnal abuse and incest. The trial judge was right in holding that the prejudicial effect of the proffered testimony outweighed whatever slight probative value it might have had.

Affirmed.