Carolyn DAVIS *v.* Thomas HARE and wife

77-218                                         561 S.W. 2d 321

Opinion delivered February 20, 1978
(Division I)

*Guy H. Jones, Phil Stratton, Guy Jones, Jr. and Casey Jones,* by: *Phil Stratton,* for appellant.

*Pollard & Cavaneau,* for appellees.

GEORGE ROSE SMITH, Justice. Upon an earlier appeal the appellant, as a pretermitted grandchild, was held to be the testator's sole heir. *Hare* v. *First Security Bank,* 261 Ark. 79, 546 S.W. 2d 427 (1977). While that litigation was pending the appellees filed a claim àgainst the estate for the value of certain services rendered to the testator shortly before his death. The claim was approved, first by the administrator and then routinely by the probate judge. In response to objections filed by the appellant the probate court conducted a hearing and allowed the claim in part. This is an appeal from that order, three contentions being urged.

It is first argued that the trial judge erred in ruling that the appellant had the burden of proving that the claim should not have been allowed. The ruling was correct. In the first instance the administrator acts for the estate in approving, disapproving, or compromising claims. His decision, when approved by the court, makes a prima facie case that must be overcome by one who later objects to his action. See the Committee Comment to Ark. Stat. Ann. § 62-2612 (Repl. 1971). Here the point is more or less academic, for in reviewing the record *de novo* we have not found it necessary to attach any importance to the question of where the burden of proof lay.

Second, it is argued that the claimant Hare's testimony about the services rendered was inadmissible under the dead man's statute. Ark. Const., Schedule, § 2 (1874). That section of the Constitution recited that it might be repealed by the General Assembly, and it was in fact expressly repealed by the Uniform Rules of Evidence. Ark. Stat. Ann., § 28-

1001, Note to Rule 1102 (Supp. 1977). The dead man's statute was merely a rule of evidence and was therefore procedural in nature. Since this case was tried after the uniform rules became effective, they were applicable and made Hare's testimony admissible. *Duncan* v. *State,* 260 Ark. 491, 541 S.W. 2d 926 (1976).

Third, it is argued that the claimants' services were gratuitous, because there was no express agreement between the claimants and the testator about their compensation. An express agreement, however, is not necessary. It is sufficient to show that both parties understood that the services were to be paid for. *Peoples Nat. Bank* v. *Cohn,* 194 Ark. 1098, 110 S.W. 2d 42 (1937). Here Hare was not related by blood to the testator. Hare testified that the testator told him that "he had his place fixed" so that Hare would get it if he took care of the testator and his wife. The testimony of the lawyer who prepared the will was to the same effect. The will did leave the testator's estate to Hare. Thus it is clear that both parties understood that Hare was to be compensated for his services by being made the beneficiary of the testator's estate. Under our cases that understanding was sufficient to rebut the argument that the services were gratuitous.

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and HOWARD, JJ.